# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KAJEET, INC.,

        Plaintiff,

    v.

MCAFEE CORP.,

        Defendant.

C.A. No. 21-cv-5-MN

**JURY TRIAL DEMANDED**

---

## DEFENDANT MCAFEE CORP.'S
## OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS

Dated: March 25, 2021

Susan E. Morrison (#4690)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Tel: (302) 652-5070
morrison@fr.com

Aamir Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tele: 404-724-2811
kazi@fr.com

*Attorneys for Defendant*
*McAfee Corp.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. NATURE AND STAGE OF THE PROCEEDINGS ......................................... 1

III. SUMMARY OF ARGUMENT ......................................................................... 2

IV. STATEMENT OF FACTS ................................................................................ 3

    A. The Parties ............................................................................................. 3

    B. The '559 Patent ..................................................................................... 4

    C. Kajeet's Infringement Allegations ....................................................... 6

        1. Kajeet's Direct Infringement Allegations ................................. 6

        2. Kajeet's Indirect Infringement Allegations .............................. 7

        3. Kajeet's Willful Infringement Allegation ................................. 9

V. ARGUMENT ..................................................................................................... 9

    A. Legal Standards ..................................................................................... 9

    B. Kajeet's Direct Infringement Claims Should be Dismissed ............... 10

        1. Kajeet Does Not Allege that the Accused McAfee Products Practice Every Limitation of any Asserted Claim ................... 11

        2. Kajeet's Direct Infringement Allegations Are Too Vague to Provide Notice of How and Why McAfee Allegedly Infringes ................................................................................... 12

    C. Kajeet's Indirect Infringement Claims Should be Dismissed .............. 14

        1. Kajeet's Indirect Infringement Claims Fail Because Direct Infringement Improperly Pled ................................................. 14

        2. Kajeet's Indirect Infringement Fail Because No Alleged Pre-Suit Notice ...................................................................... 14

        3. Kajeet's Boilerplate Allegations Do Not State a Claim for Induced or Contributory Infringement .................................... 15

    D. Kajeet's Willful Infringement Claims Should be Dismissed ............... 18

      E.      Kajeet's Claim for Past Damages Should be Dismissed ...................................... 18

VI.     CONCLUSION ............................................................................................................. 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
  No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) ..............................................15

*10x Genomics, Inc. v. Celsee, Inc.*,
  No. 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30, 2019),
  *report and recommendation adopted*, 2019 WL 6037558 (D. Del. Nov. 14,
  2019) ...........................................................................................................................................10

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)...................................................................................................19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................................................................9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................................................9

*In re Bill of Lading Transmission and Processing Sys. Patent Litigation*,
  681 F.3d 1323 (Fed. Cir. 2012)...................................................................................................17

*Boston Scientific Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019)......................................................................................10, 13

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S.Ct. 1920 (2015)..................................................................................................................14

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
  424 F.3d 1293 (Fed. Cir. 2005)...................................................................................................14

*Dodots Licensing Solutions LLC v. Lenovo Holding Co., Inc.*,
  No. 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ..............................................17

*Everlight Elecs. Co., Ltd. v. Bridgelux, Inc.*,
  No. C 17-03363-JWS, 2018 WL 5606487 (N.D. Cal. Sept. 14, 2018) ..............................15, 16

*Express Mobile, Inc., v. DreamHost LLC*,
  No. 1:18-cv-01173-RGA, 2019 WL 2514418 (D. Del. Jun. 18, 2019) ..............................18, 19

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)......................................................................................................................14

*Kajeet v. Mosyle*,
  Case No. 1:21-cv-00006-MN (D. Del. ECF No. 9.)..............................................................2, 4

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
670 F. Supp. 2d 349 (D. Del. 2009).................................................................14

*NNCrystal US Corp. v. Nanosys, Inc.*,
No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020)..............................18

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017),
*report and recommendation adopted*, 2018 WL 11182741 (D. Del. Jan. 3,
2018) ....................................................................................................10, 11, 13

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
No. 12-92-RGA, 2012 WL 2700495 (D. Del. July 5, 2012) ..................................17

*SIPCO, LLC v. Streetline, Inc.*,
230 F. Supp. 3d 351 (D. Del. 2017)............................................................10, 12

*SuperInterconnect Techs. LLC v. HP Inc.*,
No. 19-0169-CFC, 2019 WL 6895877 (D. Del. Dec. 18, 2019) ...........................13

*Uniloc 2017 LLC v. ZenPayRoll, Inc.*,
No. 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020)......................11

*Valinge Innovation AB v. Halstead New England Corp.*,
No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018)......................18

*Via Vadis, LLC v. Skype, Inc.*,
No. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012) ........................................13

*VLSI Tech. LLC v. Intel Corp.*,
No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ............................15

*Xpoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010)..................................................................15

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
No. 19-1687-CFC-CJB, 2020 WL 5646375 (D. Del. Sept. 22, 2020)....................15

**Statutes**

35 U.S.C. § 271(b) ..............................................................................................7, 14

35 U.S.C. § 271(c) ....................................................................................................8

## I.     INTRODUCTION

This case is one of many that Kajeet has filed asserting U.S. Pat. No. 8,667,559 ("the '559 patent").  Kajeet's complaint in this case, like the complaints in those other cases, fails to provide McAfee with fair notice of the basis of Kajeet's infringement allegations and should be dismissed.

Starting with Kajeet's count of direct infringement, Kajeet's complaint lacks any description of the specific features in the accused McAfee products that are allegedly infringing. Instead, Kajeet's Complaint makes high level and general statements about certain products, but without any attempt to map Kajeet's patent claims to McAfee's product.

Kajeet's indirect and willful infringement claims are similarly defective. In addition to the deficiencies in Kajeet's direct infringement pleading, these claims lack any allegation that McAfee was aware of the '559 patent prior to the filing of this action. Such awareness of the asserted patent is an element of both indirect and willful infringement, and Kajeet's failure to plead this element provides an additional basis for dismissing those claims.

Finally, Kajeet's claim for past damages must be dismissed because it fails to allege any facts showing that it has complied with the patent statute's marking requirement, which is a necessary element of an infringement claim for past damages.

Just like the Court dismissed Kajeet's complaint against Gryphon for similar defects, Kajeet's claim here should be dismissed.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Kajeet filed its complaint for patent infringement against McAfee Inc. on January 4, 2021.  (D.I. 1). The Complaint accuses McAfee of infringing "at least" claims 1 and 27 of the '559 patent. Kajeet asserts that "[t]he Accused Products of McAfee include all versions of the McAfee Safe Family product (including the Safe Family app), as well as all versions of the Total

Protection or McAfee Antivirus products that include the Safe Family product or similar functionality." (*Id.* ¶ 21.) In addition to direct infringement, Kajeet alleges that McAfee indirectly infringes through inducement and contributory infringement, and also alleges that McAfee's infringement is willful. (*Id.* at ¶¶ 40, 42-43.)

At the same time that Kajeet sued McAfee, it asserted the '559 patent against CyberReef Solutions Inc. and Mosyle Corp. Prior to that, Kajeet sued Gryphon Online Safety, Inc. ("Gryphon") on December 30, 2019 and NortonLifeLock Inc. ("Norton") on October 2, 2020 for infringement of the '559 patent in this District. (Case Nos. 1:19-cv-02370-MN, 1:20-cv-01339-MN.)

The sufficiency of Kajeet's allegations, which are very similar in each of these cases, has been before the Court multiple times. On February 23, 2021, the Court granted Gryphon's motion to dismiss with respect to direct infringement based on grounds similar to those raised in this brief. On February 25, 2021, Mosyle filed a motion to dismiss based on Kajeet's allegations. *Kajeet v. Mosyle,* Case No. 1:21-cv-00006-MN (D. Del. ECF No. 9.) Kajeet filed an amended complaint to address Mosyle's complaints. Despite the fact that Kajeet's complaint against McAfee suffers from these same issues, Kajeet has failed to amend its allegations against McAfee, forcing McAfee to file this motion.

## III. SUMMARY OF ARGUMENT

1. Kajeet's direct infringement claim should be dismissed for failure to satisfy the *Iqbal*/*Twombly* pleading standard. Kajeet's complaint accuses McAfee's complex software products of infringing the '559 patent without identifying specific features of those products, or linking those features to the required elements of any asserted claim. As such, the complaint fails to establish a plausible factual basis for Kajeet's direct infringement allegation and does not provide fair notice to McAfee regarding the basis for this claim.

2.     Kajeet's indirect infringement claims (induced and contributory infringement) should also be dismissed, for two separate reasons. First, because proof of indirect infringement requires proving an act of direct infringement, Kajeet's failure to properly plead direct infringement is also fatal to its indirect infringement claims. Second, Kajeet's indirect infringement claims are flawed because Kajeet also does not allege pre-suit knowledge by McAfee of the '559 patent, which is a necessary element of indirect infringement. Finally, Thus, Kajeet's indirect infringement allegations do not meet the *Iqbal / Twombly* pleading standard because they are high-level, unspecific, and entirely unsupported by any citations or evidence.

3.     Kajeet's willful infringement claim should be dismissed because, without any allegation of pre-suit knowledge of the '559 patent by McAfee, Kajeet cannot plead facts showing that McAfee acted with the knowledge required to state a claim for willful infringement.

4.     Any claim for past damages should be dismissed due to Kajeet's failure to allege compliance with the marking statute in the complaint.

## IV.     STATEMENT OF FACTS

The Court is likely familiar with Kajeet and its '559 patent infringement allegations as Kajeet has filed multiple cases before this Court with very similar allegations and multiple defendants have moved to dismiss Kajeet's boilerplate allegations.  Nonetheless, McAfee provides a brief statement of facts below.

### A.     The Parties

Plaintiff Kajeet is based in Virginia, and purports to offer software and products that control the use of mobile devices.  (D.I. ¶¶ 1, 8.)  Kajeet's complaint identifies "McAfee Corp." as the defendant, but then confusingly states that McAfee Corp. as "a limited liability company organized under the laws of Delaware."  (*Id.* ¶ 2.)  As forth herein, Kajeet's allegations are at

such a high level that they are meaningless, but they do not even appear to set forth a cognizable theory against the independent operations or assets of McAfee Corp. (as opposed to the operations or assets of one of McAfee Corp.'s subsidiaries or affiliates).

**B.** **The '559 Patent**

The '559 patent is titled "Feature Management of a Communication Device." (D.I. 1, Ex. A.) That '559 patent states that at the time of filing there existed a "need or desire to regulate how that communication device can be used and to determine who will pay for what goods and services." (*Id.* at 1:56-58.) For example, parents, school administrators, and employers may want the ability to control how and when children, students, and employees use their cellphones or other electronics devices. (*Id.* at 1:66-2:26.)

The '559 patent purports to solve this problem by using what it refers to as a "policy enforcement point (PEP) 28" and a "policy decision point (PDP) 29" to control the communication device. (*Id.* at 8:36-59.) The PEP contains policies that determine whether a particular phone may be used for particular purposes. (*Id.*) The PDP "maintains or stores a list of policies that have been established to control the features and functions of the mobile [device] and decides, based on those policies, to either accept or reject" any attempt by the phone to request service from the network. (*Id.*) As can be seen in Figure 2, one feature that is important to the alleged invention is that both the PEP and PDP are parts of the telephone network and neither resides on the "mobile station 10" (i.e., the mobile phone or other user device). (*Id.* at Fig. 2.)

In fact, it is this enforcement of a remotely stored policy—by accepting or rejecting attempts by the mobile device to communicate over the network—that provides the supposed advantage of the invention: a tamper-proof ability to control network access by a device. Kajeet

repeatedly emphasizes this point in its complaint when describing the alleged benefits of the

claimed invention and how it differs from the prior art:

- "The Asserted Patent therefore recognizes that it is advantageous to dispose the policies applied for effecting feature management over communication devices in accordance *with a scheme that prevents access to them by the user of the device*, who may have poor judgment or be motivated to otherwise misused the communication device."[1] (D.I. 1 ¶ 17.)

- "Application of use decisions *based upon a policy stored remote from the controlled computing device* represented an unconventional scheme that was neither well known nor routine for addressing a newly emerging problem in society." (*Id.* ¶ 19.)

- "These claimed methods require, among other steps, that a decision is received in real time from a server, with *the decision 'being based on a policy stored at the server...,' and that 'the communication being enabled or disabled without storing the policy on the computing device*.'" (*Id.* ¶ 34.)

- "These limitations mandate that the decision applied to effect control over the computing device is *based on a policy stored at a server remote to the computing device* .... These limitations capture the distributed architecture concept <u>not</u> well understood, routine, or conventional in the art for effecting feature management on a computer device including *that the server storing the policies upon which decisions are based being meaningfully apart from the computing device*. This arrangement resulted in improved operation through at least increase resilience to undesirable access to policies to manipulate or delete them." (*Id.* ¶ 35.)

- "These claims require storing usage policies upon which decisions are *based at a server remote from the computing device*, an unconventional arrangement at the time which yielded improvements in the operation of systems implementing the claimed methods. Prior art control was not premised on application of decisions based upon policies stored at the server level. Instead, *the prior art applied decisions based on policies set up on the computing device itself and stored only on the computing device*. Such policies reside such that they are readily accessible for manipulation and/or deactivation or deletion to circumvent control entirely." (*Id.* ¶ 38.)

This concept of a policy stored remote from the mobile device is also found in the

asserted claim:

---

[1] All emphases throughout this brief added unless otherwise noted.

27. A method for controlling a computing device configured to execute a function using a communication network managed by a service provider, the method comprising:

sending to a server a request to communicate with a remote computing device over the communication network;

receiving in real-time from the server a decision granting or denying the request, **the decision being based on a policy stored at the server** and configured by an administrator; and

enforcing the decision by enabling a communication with the remote computing device over the communication network when the decision grants the request and by disabling the communication when the decision denies the request, the communication being enabled or disabled **without storing the policy on the computing device.**

(D.I. 1, Ex. A at cl. 27.)

## C. Kajeet's Infringement Allegations

### 1. *Kajeet's Direct Infringement Allegations*

Count I of the complaint contains Kajeet's claim of patent infringement. While this part of the complaint summarizes the requirements and alleged benefits of claim 27 of the '559 patent, it lacks any description of how the Accused Products work, nor does it include any attempt to map features of the Accused Products to the limitations of any asserted claim.

Instead, the only discussion of the Accused Products appears earlier in the complaint, as part of a section titled "Background and Facts." (D.I. 1 at ¶¶ 8-29). Kajeet's complaint makes a general reference to one product and a class of functionality that it refers to as the "Accused Product." (D.I. 1 ¶ 21 (identifying "("McAfee Safe Family product (including the Safe Family app), as well as all versions of the Total Protection or McAfee Antivirus products that include the Safe Family product or similar functionality").) But beyond that, the description of the "Accused Products" is nebulous and imprecise, lacking entirely any concrete description of identifiable product features, quotations from product literature, or screen shots of product

display screens. Kajeet also makes no attempt to tie any of its purported descriptions of the

Accused Products to any specific claim language. In short, the complaint is utterly lacking in

information from which McAfee could understand the nature of the allegations against it.

        2.     *Kajeet's Indirect Infringement Allegations*

Kajeet alleges that McAfee induces infringement and contributorily infringes, but its

allegations are entirely generic and conclusory. The complaint lack any specific assertions

concerning McAfee or its business that would show that McAfee induces or contributes to direct

infringement of any claim by others. The entirety of allegations purporting to show indirect

infringement are contained in the following four paragraphs of the complaint:

- "McAfee provides instructions to its customers and users of the Accused Products demonstrating how to install, set up, and use each to manage computing devices connected to a communications network. Such instructions are provided in the form of, at least, McAfee's online support site at the URL: https://support.mcafee.com/webcenter/portal/supportportal/pages/knowledgecenter. These resources provide instructions and tutorials directed to end users of the Accused Products demonstrating use thereof in manners that infringe the Asserted Patent. Use of the Accused Products in accordance with these instructions constitutes direct infringement of the Asserted Patent by end users of the Accused Products." (*Id.* at 28.)

- "McAfee has had actual knowledge of the Asserted Patent since at least the filing of this complaint, therefore, and has had actual knowledge of Kajeet's claims of infringement relating to the Accused Products since that time. Upon information and belief, McAfee continues to make, use, and sell the Accused Products, including ongoing subscriptions, to its customers." (*Id.* at 29.)

- "McAfee actively induces infringement of one or more of the claims of the '559 Patent by its customers and end users of at least the Accused Products and is therefore liable for indirect infringement under 35 U.S.C. § 271(b). A customer's use of the Accused Products to manage computing devices in the manners described above infringes at least claims 1 and 27 of the '559 Patent. McAfee knows that the Accused Products are especially designed for and marketed toward infringing use by McAfee's customers, to implement feature management of computing devices. McAfee has induced, caused, urged, encouraged, aided and abetted its direct and indirect customers to make, use, sell, offer for sale and/or import one or more of the Accused Products. McAfee provides step-by-step instructions for installation, setup, and use of the Accused Products to infringe,

either literally or under the doctrine of equivalents, at least claims 1 and 27 of the '559 Patent. These instructions are provided by McAfee as user manuals and online content made available by McAfee through its website. Such conduct by McAfee was intended to and actually did result in direct infringement by McAfee's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States." (*Id.* at 42.)

- McAfee contributes to the infringement of at least claims 1 and 27 of the '559 Patent by its customers and end users of at least the Accused Products and is therefore liable for indirect infringement under 35 U.S.C. § 271(c). The Accused Products are especially designed for controlling use of computing devices in the manner described above. Upon information and belief, the Accused Products have no substantial non-infringing use, as they are specifically designed and marketed for use by parents, teachers, and supervisors to control use of a computing device operating on a communication network. Setup and use of the Accused Products by McAfee's customers in the manner constitutes direct infringement, either literally or under the doctrine of equivalents, of at least claims 1 and 27 of the '559 Patent." (*Id.* at 43.)

The only McAfee specific fact that Kajeet cites is a reference to McAfee's Knowledge Center—which is a website hosting thousands of articles and bulletins about all of McAfee's products—without referring to any specific document or instruction on that site. In none of these paragraphs does Kajeet (i) identify any specific instructions that allegedly induced McAfee's customers to use the Accused Products in an infringing manner, (ii) provide any factual basis for concluding that McAfee specifically intended to cause its customers to infringe, (iii) identify any specific components that are especially made or adapted to infringe, (iv) set forth any facts to support its assertion that these unspecified components have no substantial non-infringing uses, or (v) identify any facts to support its contention that McAfee knew that these unspecified components have no non-infringing uses and were especially made or adapted to infringe. Moreover, as detailed below, Kajeet only alleges that McAfee has had knowledge of the '559 patent "since at least the filing of this complaint" (*id.* ¶ 29), yet it does not allege any facts

suggesting that McAfee committed acts of induced or contributory infringement since the date the complaint was filed.

### 3. Kajeet's Willful Infringement Allegation

Kajeet's willful infringement allegations are contained in the following two paragraphs from the complaint. Here too, the allegations are entirely conclusory, and fail to provide any specific factual basis for Kajeet's claim:

- "McAfee has had actual knowledge of the Asserted Patent since at least the filing of this complaint, therefore, and has had actual knowledge of Kajeet's claims of infringement relating to the Accused Products since that time. Upon information and belief, McAfee continues to make, use, and sell the Accused Products, including ongoing subscriptions, to its customers." (*Id.* ¶ 29.)

- "McAfee has had actual knowledge of the existence of the '559 Patent since at least the filing of this complaint. As such, McAfee's infringement of the '559 Patent has been willful since at least that time." (*Id.* ¶ 40.)

## V. ARGUMENT

### A. Legal Standards

It is well established that a plaintiff must allege factual support for each element of the claim to adequately plead a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007))). In this regard, merely reciting the elements of a claim and providing "conclusory statements" without further factual support is insufficient. *Id*. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The purpose of these pleading requirements is (i) to show that the plaintiff has some basis for its allegations, and (ii) to put the defendant on fair notice of the claims at issue. *See id.* at 698; *Twombly*, 550 U.S. at 555 (explaining a complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests" (citation omitted)).

## B.    Kajeet's Direct Infringement Claims Should be Dismissed

To satisfy the *Twombly / Iqbal* pleading standard, a patent infringement complaint must "plead[] facts that plausibly indicate that Defendant's accused products practice each of the limitations found in the [] asserted claims …. After all, if it is not plausible, after reading the complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *North Star Innovations, Inc. v. Micron Tech., Inc.,* No. 17-506-LPS-CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017) (citation omitted), report and recommendation adopted, 2018 WL 11182741 (D. Del. Jan. 3, 2018).

"[A] patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element and then baldly stating (without more) that an accused product has such an element." *Id.* at *2; *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (dismissing complaint which "contain[ed] no attempt to connect anything in the patent claims to anything about any of the accused products"); *Boston Scientific Corp. v. Nevro Corp.,* 415 F. Supp. 3d 482, 489 (D. Del. 2019) (explaining "a plaintiff must generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the alleging infringing product to the claim elements" (emphasis in original)).  In particular, "[t]o plead a cause of action for direct infringement of a method claim, the complaint must allege that the accused infringer perform[ed] all the steps of the claimed method, either personally or through another acting under his direction or control." *10x Genomics, Inc. v. Celsee, Inc.,* No. 19-862-CFC-SRF, 2019 WL 5595666, at *11 (D. Del. Oct. 30, 2019) (citation omitted), report and recommendation adopted, 2019 WL 6037558 (D. Del. Nov. 14, 2019).

1. *Kajeet Does Not Allege that the Accused McAfee Products Practice Every Limitation of any Asserted Claim*

Kajeet's direct infringement claim should be dismissed because the complaint lacks any explanation of how McAfee's products meet each of the limitations of an asserted claim. *See Uniloc 2017 LLC v. ZenPayRoll, Inc.,* No. 19-1075-CFC-SRF, 2020 WL 4260616, at *2 (D. Del. July 23, 2020) ("[T]o survive a 12(b)(6) motion, a complaint alleging direct infringement must contain facts plausibly indicating that a defendant's accused product practices each limitation of the asserted patent[.]"); *North Star Innovations,* 2017 WL 5501489 at *1 (D. Del. Nov. 16, 2017) ("In order to adequately allege direct infringement here, Plaintiff needs to have pleaded facts that plausibly indicate that Defendant's accused products practice each of the limitations found in the two asserted claims[.]").

The Complaint identifies two claims:  claims 1 and 27. Claim 27 is an apparatus version of claim 1.  The claims have two relevant requirements: (i) sending to a server a "request to communicate with a remote computing device" and receiving a "real-time" decision from the server granting or denying the request; and (ii) granting or denying the request based on a policy that is "stored at the server" and not stored "on the computing device." (D.I. 1, Ex. A at claims 1 and 27.) Yet the complaint is completely devoid of any explanation of how usage of McAfee's Accused Products results in either of these requirements being met.

**First,** the complaint lacks any explanation of how usage of a McAfee Accused Product causes a request to communicate with a remote computing device to be sent to a server or a decision in real-time allowing or denying the request to be received. At most the complaint alleges (without identifying any specific product features) that "local agent software … causes the managed device to generate or direct **requests for uses** of the device." (D.I. 1 at ¶ 26.) But generating a request to use a device is not the same as "sending to a server a request to

communicate with a remote computing device" as required by the claim. In fact, even though the claims require that the mobile device "receiv[es] in real-time from the server a decision granting or denying" a request to communicate with another device (*see* D.I. 1, Ex. A at cl. 27), Kajeet includes no such allegations in its complaint, leaving McAfee to guess as to Kajeet's theories.

Second, the complaint is devoid of any explanation of how the McAfee Accused Products supposedly enforce a policy stored on a server "without storing the policy on the computing device," as required by claims 1 and 27. To the contrary, the complaint alleges that "local agent software [i.e., software stored on the computing device] effects control of the device." (*Id.* at ¶ 23). But this sort of local access control is precisely the opposite of the claim's requirement that real-time decisions granting or denying requests to communicate be made at a remote server, based on a policy "stored at the server" and not "on the computing device." Moreover, while the complaint alleges the existence of supposed "master policies" stored on McAfee's servers (*id.* at ¶ 23), the complaint lacks any allegation that any real time decisions granting or denying access to a remote computing device are made using these "master policies," and thus that they could be the claimed "policy stored on the server" (or "policies that are stored at the server" in claim 1).

2.   *Kajeet's Direct Infringement Allegations Are Too Vague to Provide Notice of How and Why McAfee Allegedly Infringes*

Even where a complaint does allege that each claim limitation is met by the accused products (which Kajeet's complaint does not), courts grant motions to dismiss if the allegations are too conclusory to put the defendant on notice regarding how and why they supposedly infringe. For example, courts in this district frequently dismiss complaints that simply parrot the claim language and then include a conclusory statement that the defendant infringes. *See, e.g., SIPCO,* 230 F. Supp. 3d at 353 (dismissing direct infringement claims where plaintiff alleged

"here are ten patents we own," "you sell some products, which we have identified," and "the sales of your products infringe our patents"); *North Star Innovations,* 2017 WL 5501489 at *1 (dismissing direct infringement allegations because the complaint "does little more than parrot back the language of [the asserted] claim elements and then states that the accused product is comprised of such elements"). Similarly, courts in this district dismiss complaints that lack factual allegations describing how or why the defendant infringes. *See, e.g., Via Vadis, LLC v. Skype, Inc.,* No. 11-507, 2012 WL 261367, at *2 (D. Del. Jan. 27, 2012) (dismissing direct infringement claims because "[t]here are simply no factual allegations advising Defendants how or why their products infringe on Plaintiff's patents"); *Boston Scientific,* 415 F. Supp. 3d at 490 (dismissing direct infringement claims because plaintiff "makes no attempt to connect specific components of the accused systems to elements of the asserted claims"); *SuperInterconnect Techs. LLC v. HP Inc.,* No. 19-0169-CFC, 2019 WL 6895877, at *2, n.3 (D. Del. Dec. 18, 2019) (noting that where "the technology is far from simple" conclusory allegations fail to "provide fair notice of [the] infringement claims").

    As in these cases, Kajeet's complaint does not contain the "how" and "why" that are necessary to state a claim for direct infringement. In fact, Kajeet's only discussion of the Accused Products is contained in the "Background and Facts" section of the complaint; McAfee's products are not mentioned anywhere in Count I (which is Kajeet's claim for patent infringement). The complaint's description of the Accused Products is high-level and conclusory—it contains no citations, quotations, or evidence of any kind to support Kajeet's vague characterizations of how McAfee's product work. Kajeet also does not include any claim charts with the complaint, nor does it attempt to map any limitation of claims 1 and 27 of the '559 patent to the Accused Products. McAfee is therefore left without notice of the specific

aspects of its products that are accused of infringement. This is insufficient to state a claim under the *Iqbal / Twombly* standard, and as such, Kajeet's direct infringement claims should be dismissed.

### C. Kajeet's Indirect Infringement Claims Should be Dismissed

To state a claim for induced infringement, a plaintiff must allege facts showing that the defendant "knew of the patent and knew as well that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.,* 135 S.Ct. 1920, 1926 (2015) (citation omitted); *see also Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 766 (2011) ("induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"). To state a claim for contributory infringement, a plaintiff must allege facts showing that the defendant "knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2005) (citation omitted).

#### 1. *Kajeet's Indirect Infringement Claims Fail Because Direct Infringement Improperly Pled*

As an initial matter, Kajeet's indirect infringement allegations fail because Kajeet has not alleged facts showing direct infringement of any claim (as detailed above). *See Mallinckrodt Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 354 (D. Del. 2009) ("Claims for indirect infringement cannot exist in the absence of direct infringement."). For the reasons discussed above, Kajeet makes no such showing here and its indirect infringement claims should be dismissed.

#### 2. *Kajeet's Indirect Infringement Fail Because No Alleged Pre-Suit Notice*

Kajeet's indirect infringement claims also fail because the complaint lacks any allegation that McAfee was aware of the '559 patent prior to the filing of the complaint, and thus fails to

provide a plausible factual basis for concluding that McAfee had engaged in indirect infringement as of the time the complaint was filed. Kajeet's failure to allege pre-suit knowledge of the patents is thus fatal to its indirect infringement claims, which should be dismissed. *See Zapfraud, Inc. v. Barracuda Networks, Inc.,* No. 19-1687-CFC-CJB, 2020 WL 5646375, at *2 (D. Del. Sept. 22, 2020) ("[A] party cannot plausibly claim in a complaint that its adversary had knowledge of infringement of the patent-in-suit (required for both induced and contributory infringement claims) or had the specific intent to encourage another's infringement (required for an induced infringement claim) when, prior to the very moment that this complaint was filed, its adversary had never actually: (1) been aware of the patent's existence; (2) known that the patent was being infringed; or (3) intended that anyone infringe the patent."); *see also Xpoint Techs., Inc. v. Microsoft Corp.,* 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("However, knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Dynamic Data Techs., LLC v. Brightcove Inc.,* No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) ("[T]he complaint itself cannot be the source of knowledge required to sustain claims of induced infringement." (citing *VLSI Tech. LLC v. Intel Corp.,* No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019))); *Everlight Elecs. Co., Ltd. v. Bridgelux, Inc.,* No. C 17-03363-JWS, 2018 WL 5606487, at *3 (N.D. Cal. Sept. 14, 2018) ("This Court remains convinced to follow the line of authorities finding that knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." (citation omitted)).

### 3. Kajeet's Boilerplate Allegations Do Not State a Claim for Induced or Contributory Infringement

Kajeet's indirect infringement allegations also fail because they are boilerplate, high-level, and unspecific. In fact, Kajeet appears to have simply copy-pasted the same conclusory

allegations of induced and contributory infringement from complaints it filed against other companies, including Norton and Mosyle, simply changing the company name to McAfee.[2]

With respect to induced infringement, Kajeet alleges that "McAfee knows that the Accused Products are especially designed for and marketed toward infringing use by McAfee's customers, to implement feature management of computing devices" and that "[s]uch conduct by McAfee was intended to and actually did result in direct infringement by McAfee's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States." (D.I. 1 at ¶ 42.) The complaint also alleges that McAfee "has induced, caused, urged, encourage, aided and abetted its direct and indirect customers to make, use, sell, offer for sale and/or import one or more of the Accused Products" and "provides step-by-step instructions for installation, setup, and the use of the Accused Products to infringe." (*Id.*)

Kajeet does not cite to any evidence or specific facts to support these induced infringement allegations. The closest Kajeet comes is when it states that "[t]hese instructions are provided by McAfee as user manuals and online content made available by McAfee through its website." (*Id.*) But Kajeet provides no information regarding what specific instructions constitute the inducing act, how those instructions relate to infringement of the '559 patent, or whether those instructions were created and/or provided to customers once McAfee had knowledge of the asserted patents. Kajeet also does not identify any customers who supposedly were caused to directly infringe as the result of McAfee's conduct. And because there is no specific identification of what "user manuals and online content" (*id.*) allegedly resulted in direct

---

[2] Specifically, paragraphs 42-43 from the complaint filed against McAfee are nearly identical to paragraphs 42-43 in the complaints filed against Norton and Mosyle.

infringement of the '559 patent, it is impossible for McAfee to determine the facts underlying Kajeet's induced infringement allegations.

Such high-level and conclusory assertions are insufficient to plead induced infringement under the law. *See Dodots Licensing Solutions LLC v. Lenovo Holding Co., Inc.,* No. 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (dismissing induced infringement claims because "[a]lthough Plaintiff cites Defendants' website as support for its allegation, it does so generically and does not identify any particular statement or material that plausibly suggests Defendants intend to induced infringement of the Patents-in-Suit").

Kajeet's contributory infringement allegations are similarly flawed. Kajeet alleges that "[t]he Accused Products were especially designed for controlling use of computing devices in the manner described above" and that "[u]pon information and belief, the Accused Products have no substantial non-infringing use, as they are specially designed and marketed for use by parents, teachers, and supervisors to control use of a computing device operating on a communication network." (*Id.* at ¶ 43.) The complaint additionally alleges that "[s]etup and use of the Accused Products by McAfee's customers in the [sic] manner constitutes direct infringement." (*Id.*)

As with Kajeet's induced infringement allegations, Kajeet fails to cite to any evidence or specific facts supporting its contributory infringement allegations. Instead, Kajeet simply makes high-level statements that amount to legal conclusions, not factual allegations. The statements in paragraph 43 of the complaint are simply too high-level and unsupported to state a plausible claim of contributory infringement. They amount to "nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading Transmission and Processing Sys. Patent Litigation,* 681 F.3d 1323, 1338 (Fed. Cir. 2012); *see also Pragmatus Telecom, LLC v. Ford Motor Co.,* No. 12-92-RGA, 2012 WL

2700495, at *1 (D. Del. July 5, 2012) (dismissing contributory infringement claim because the plaintiff's allegation that the infringing systems have no substantial non-infringing uses "are supported by no facts").

**D.     Kajeet's Willful Infringement Claims Should be Dismissed**

To state a claim for willful infringement, a plaintiff "must allege that the accused infringer knew of the patent-in-suit and knowingly or intentionally infringed the patent after acquiring that knowledge." *NNCrystal US Corp. v. Nanosys, Inc.,* No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020). As with indirect infringement, Kajeet has not alleged presuit knowledge of the '559 patent. Courts in this district have held that willful infringement allegations cannot survive a motion to dismiss where the defendant is alleged to first have learned of an asserted patent when the complaint was filed. *See Valinge Innovation AB v. Halstead New England Corp.,* No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) (holding "to state a claim for willful infringement, the patentee must allege facts in its pleading plausibility demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim"); *Express Mobile, Inc., v. DreamHost LLC,* No. 1:18-cv-01173-RGA, 2019 WL 2514418, at *2 (D. Del. Jun. 18, 2019) (dismissing willful infringement claims because "[t]he complaints allege only post-filing knowledge of the alleged infringement" and "[t]hus, they fail to meet the pleading standard for willful infringement, which requires allegations of willful conduct prior to the filing of the claim"). Because the complaint lacks any allegation of pre-suit knowledge by McAfee of the '559 patent, Kajeet's willful infringement claim must be dismissed

**E.     Kajeet's Claim for Past Damages Should be Dismissed**

Kajeet asserts infringement of "at least" claims 1 and 27 against McAfee. (D.I. 1 ¶ 41.) Claim 1 is an apparatus claims and thus, Kajeet has the burden to show that it complied with the

patent-marking statute. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d 1350, 1366 (Fed. Cir. 2017). As such, courts have held that, at the motion to dismiss stage, "[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all." *Express Mobile,* 2019 WL 2514418 at *2 (D. Del. Jun. 18, 2019) (dismissing past damages claim due to failure to plead compliance with marking statute). Because Kajeet failed to plead any facts related to compliance with the marking statute, its claim for pre-suit damages should be dismissed as a matter of law

## VI. CONCLUSION

For the foregoing reasons, McAfee respectfully requests that the Court dismiss Kajeet's direct, indirect, and willful infringement claims, as well as its claim for past damages.

Dated:  March 29, 2021

FISH & RICHARDSON P.C.

By: _/s/ Susan E. Morrison_
    Susan E. Morrison (#4690)
    FISH & RICHARDSON P.C.
    222 Delaware Avenue, 17th Floor
    P.O. Box 1114
    Wilmington, DE 19899
    Tel: (302) 652-5070
    morrison@fr.com

    Aamir Kazi
    Fish & Richardson P.C.
    1180 Peachtree Street NE, 21st Floor
    Atlanta, GA  30309
    Tele: 404-724-2811
    kazi@fr.com

**ATTORNEYS FOR DEFENDANT**
**MCAFEE CORP.**