IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAJEET, INC. | § | |
| | § | |
| Plaintiff, | § | C.A. 21-cv-5-MN |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| MCAFEE CORP. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S BRIEF IN OPPOSITION
## TO DEFENDANT'S FRCP 12(b)(6) MOTION TO DISMISS

Dated: May 10, 2021

Of Counsel:

Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys For Plaintiff Kajeet, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii
I.    NATURE AND STAGE OF THE PROCEEDINGS .......................................................1
II.   SUMMARY OF THE ARGUMENT ..............................................................................1
     A.     The Allegations are Sufficient to Plead Direct Infringement ..................................1
     B.     The Allegations are Sufficient to Plead Indirect Infringement ...............................2
III.  STATEMENT OF FACTS ............................................................................................... 3
IV.  LEGAL STANDARDS .....................................................................................................4
     A.     Rule 12(b)(6) Standards ..........................................................................................4
     B.     Sufficiency of Pleadings for Allegations of Direct Patent Infringement .................5
V.    ARGUMENT.......................................................................................................................5
     A.     Kajeet Sufficiently Pled Direct Infringement .........................................................5
     B.     Kajeet Sufficiently Pled Indirect Infringement .....................................................10
     C.     Kajeet Sufficiently Pled Willful Infringement ......................................................12
     D.     Kajeet Sufficiently Pled Compliance with 35 U.S.C. § 287(a)..............................13
     E.     Dismissal With Prejudice is Not Warranted..........................................................14
VI.  CONCLUSION.................................................................................................................14

# TABLE OF AUTHORITIES

**Cases:**

*Apeldyn v. Sony Corp.*,
 852 F. Supp. 2d 568 (D. Del. Apr. 4, 2012)..................................................................11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).........................................................................................1, 4, 5, 9

*Collabo Innovations, Inc. v. OmniVision Techs., Inc.*,
 2017 U.S. Dist. LEXIS 10199 ........................................................................................10

*Commil USA, LLC v. Cisco Sys., Inc.*,
 575 U.S. 632, 135 S. Ct. 1920, 191 L. Ed. 2d 883 (2015).......................................................3

*Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*,
 73 F. Supp. 3d 435 (D. Del. Nov. 5, 2014).....................................................................11

*DermaFocus LLC v. Ulthera, Inc.*,
 201 F. Supp. 3d 465 (D. Del. 2016)............................................................................ 12-13

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
 888 F.3d 1256 (Fed. Cir. 2018).......................................................................................5

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
 2020 U.S. Dist. LEXIS 127734 (D. Del. July 21, 2020) ....................................................12

*Express Mobile, Inc. v. DreamHost LLC*,
 2019 U.S. Dist. LEXIS 101468 (D. Del. June 8, 2019)................................................13, 14

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3d Cir. 2009)...........................................................................................5

*Groove Digital, Inc. v. Jam City, Inc.*,
 2019 U.S. Dist. LEXIS 13563 (D. Del. Jan. 29, 2019)............................................5, 7, 11

*Intellectual Ventures I LLC, et al. v. Ricoh Co., Ltd.*,
 67 F. Supp. 3d 656 (D. Del. Sept. 12, 2014)..................................................................11

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
 2019 U.S. Dist. LEXIS 12195 (D. Del. Jan. 25, 2019)....................................................11

*Kajeet, Inc. v. Gryphon Online Safety, Inc.*,
    Case No. 10-cv-2370-MN ............................................................................................... 1

*Kajeet, Inc. v. Mosyle Corp.*
    Case No. 21-cv-6-MN ..................................................................................................... 1

*LoganTree LP v. Omron Healthcare, Inc.*,
    2019 U.S. Dist. LEXIS 159730 (D. Del. Sept. 19, 2019) ............................................ 5, 7

*NexStep, Inc. v. Comcast Cable Communications, LLC*,
    19-1031-RGA-SRF, 2019 U.S. Dist. LEXIS 189713 (D. Del. Oct. 31, 2019) ................ 11

*Progme Corp. v. Comcast Cable Communs. LLC*,
    2017 U.S. Dist. LEXIS 182484 (E.D. Pa. Nov. 3, 2017) .................................................. 13

*10x Genomics, Inc. v. Celsee, Inc.*,
    2019 U.S. Dist. LEXIS 188516 (D. Del. Oct. 30, 2019) ................................................... 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .......................................................................................................... 8

*T-Rex Prop. AB v. Regal Entm't Grp.*,
    2017 U.S. Dist. LEXIS 156859 (E.D. Tex. Aug. 31, 2017) ............................................. 13

*Via Vadis, LLC v. Skype, Inc.*,
    No. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012) ..................................................... 9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ......................................................................................... 2

*Walker Digital, LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. Apr. 4, 2012) .................................................................... 11

*Waymark Corp. v. Porta Sys., Corp.*,
    245 F.3d 1364 (Fed. Cir. 2001) ......................................................................................... 7

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
    2021 U.S. Dist. LEXIS 55658 (D. Del. July 21, 2021) ................................................... 12

*Zimmer Surgical, Inc. v. Stryker Corp.*,
    2017 U.S. Dist. LEXIS 139274 (D. Del. Aug. 30, 2017) ........................................... 12, 13

**Other:**

35 U.S.C. § 271(a) ...................................................................................................................7

35 U.S.C. § 287(a) ............................................................................................................13, 14

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 4

Rule 15 ..................................................................................................................................14

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Kajeet, Inc. ("Plaintiff" or "Kajeet") files this Response to McAfee Corp.'s ("Defendant" or "McAfee") Fed. R. Civ. P. 12(b)(6) renewed Motion to Dismiss Kajeet's First Amended Complaint ("Motion"). For the following reasons, the Court should deny McAfee's Motion in its entirety.

Kajeet filed its First Amended Complaint ("FAC") in this case on April 12, 2021 in response to this Court's Memorandum Order (D.I. 36) in a related case, *Kajeet, Inc. v. Gryphon Online Safety, Inc.*, Case No. 19-cv-2370-MN on March 1, 2021. In the Order, the Court granted in part Gryphon's Motion to Dismiss as it related to the *Iqbal/Twombly* pleading standard for Kajeet's claims of direct infringement and indirect infringement. Kajeet complied with the Court's Order, amending its Complaint (D.I. 38) to include a claim chart that maps the factual allegations about the design and operation of McAfee's products to specific elements of the asserted claim and including links to product literature describing the operation of the accused products. Kajeet additionally included allegations showing compliance with the marking statute. Gryphon has since abandoned its challenges to the sufficiency of Kajeet's complaint.

Kajeet made the same amendments to its Complaint in this case as in *Gryphon* and in the *Mosyle* case to satisfy the standards laid out by the Court and to maintain consistency in the several concurrent litigations asserting the '559 Patent in this Court. *See Kajeet, Inc. v. Mosyle Corp.*, Case No. 21-cv-6-MN, at D.I. 21. Because of the significant additional detail provided in the FAC, McAfee's Motion is without merit and appears to be simply a delay tactic.

## II. SUMMARY OF THE ARGUMENT

### A. The Allegations Are Sufficient to Plead Direct Infringement

McAfee's position is that Kajeet has not met the pleading standards for either direct or

indirect infringement. McAfee's arguments are in contrast with this Court's holdings in other cases and would hold Plaintiff to a higher standard than is required at the pleadings stage where factual allegations must be taken as true.

Kajeet's FAC includes factual allegations identifying specific products that infringe claims 1 and 27 of the '559 patent. The FAC also provides factual allegations describing in detail the various components of the accused products and how they operate to infringe by meeting each and every limitation of those claims. The allegations in the FAC are based on information obtained from publicly available descriptions of the accused products authored by McAfee. Indeed, the FAC goes even further and includes by reference links to several "how to" articles on McAfee's website that instruct its customers how to install and operate the accused products in an infringing manner (D.I. 14 at ¶29) which are consistent with the factual allegations of the FAC supporting Kajeet's claim of direct infringement.

Kajeet referenced much of the publicly available information describing the design and operation of the accused products, as well as providing a claim chart mapping the asserted claim to the accused products. Accordingly, the FAC undoubtedly includes more than enough information to provide McAfee with "fair notice" of Kajeet's claims.

### B. The Allegations Are Sufficient to Plead Indirect Infringement

Likewise, the FAC provides comprehensive factual statements addressing each of the elements of indirect infringement, including the requisite knowledge component for both inducement and contributory infringement. Indirect infringement requires the plaintiff to plead that the defendant has knowledge of the patent. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage

another's infringement of the patent."); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 1926, 191 L. Ed. 2d 883 (2015) ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). In this case, Kajeet alleged the requisite knowledge component in both its Original Complaint and FAC.

III.     **STATEMENT OF FACTS**

Kajeet was founded in 2003 with the aim of developing solutions to an emerging technological problem - how to ensure safe operation of mobile communication devices by children and others. The known systems and methods for control prior to the time of the patented invention were largely inadequate and relied upon removing access to the communication device to prevent disallowed usage or utilized policy-based controls in which the policies were stored locally within accessible portions of the device's memory. Policies are essentially rules that govern how and when users may utilize various functions of a mobile device. The prior systems were ineffective because the policies were locally accessible for manipulation or deletion and because each communication device to be controlled needed to be separately and independently configured. Kajeet addressed these shortcomings by storing usage policies remotely from the communication device(s). This arrangement improved operation of the systems through improved security from user manipulation while accommodating real-time control of one or more devices which could be grouped to apply a set of policies to each simultaneously.

Kajeet's efforts and ingenuity have yielded thirty-five U.S. Patents, many of which share a common specification to that of the asserted patents in this case. The Patents-in-Suit discuss how the proliferation of cell phones and other communication devices in modern life created the problem of providing adequate control over these devices, which typically accommodate a wide range of functionality accessible at any time from virtually anywhere.

Critically, the Patents-in-Suit note that prior art methods of controlling use of computing devices (*i.e.*, removing access by taking the device away or disabling it) were unworkable because they deprived the user of allowable uses of the device to prevent disallowed uses. The patents make clear that the problem to be solved is how to maintain effective control to prohibit certain uses while still allowing approved uses, all in the context of the user possessing the device at all times even when apart from or not in contact with the parent/administrator.

Kajeet's inventions provide access to desirable features, such as always allowing for calls to a parent, for example, while also preventing access to features deemed inappropriate because of cost (e.g., downloadable games or other applications), type of content (e.g., gambling or pornographic content), the time of day or night (e.g., during school hours or after bed time), and/or the device's location, among other criteria. The Patents-in-Suit disclose the use of policies defining acceptable and unacceptable uses of a mobile communication device based on a variety of contexts which are set by administrators (e.g., parents or teachers) at the server level to control use of one or more mobile communication devices. This represented an unconventional scheme that was neither well known nor routine for addressing a newly emerging problem in society. The inventions disclosed and claimed in the Patents-in-Suit provided for more robust control that was more resilient to manipulation and/or disablement by users of the controlled devices and, therefore, more effective than prior art systems and methods.

### IV.  **LEGAL STANDARDS**

#### A.  **Rule 12(b)(6) Standards**

To survive a motion to dismiss under Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "construe the complaint in the light most favorable to

the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *10x Genomics, Inc. v. Celsee, Inc.*, 2019 U.S. Dist. LEXIS 188516, *4 (D. Del. Oct. 30, 2019). This "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Id*.

### B. Sufficiency of Pleadings for Allegations of Direct Patent Infringement

To satisfy the pleading standard in a patent case, "[s]pecific facts are not necessary." *Groove Digital, Inc. v. Jam City, Inc.*, 2019 U.S. Dist. LEXIS 13563, at *9 (D. Del. Jan. 29, 2019). Rather, a complaint need only include allegations sufficient to provide "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.* The Federal Circuit has held that a complaint listing the asserted patents, specifically identifying accused products, and alleging that the accused products meet each and every element of at least one claim, is sufficient to meet the pleadings requirements under the plausibility standard of *Iqbal*/*Twombly*. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). This Court has followed the Federal Circuit's guidance in *Disc Disease* in denying a motion challenging the sufficiency of pleadings for direct infringement, while noting that the proper inquiry in deciding a motion to dismiss is the "plausibility" of allegations rather than the "viability" thereof. *LoganTree LP v. Omron Healthcare, Inc.*, 2019 U.S. Dist. LEXIS 159730 at *7-9 (D. Del. Sept. 19, 2019).

### V. ARGUMENT

#### A. Kajeet Sufficiently Pled Direct Infringement

For the reasons set forth in this Court's opinion in the *LoganTree* case, Kajeet's FAC

includes sufficient allegations that the accused products meet each and every element of the asserted claims. *Id.*, at *7-9. The FAC clearly identifies the asserted patents and asserted claims. In particular, the FAC alleges infringement of claims 1 and 27 of the '559 patent. D.I. 14, at ¶ 43, ("McAfee's quality testing and demonstrations of operation of the Accused Products to manage uses of computing devices directly infringe, either literally or under the doctrine of equivalents, at least claims 1 and 27 of the '559 Patent").

Kajeet also clearly identified McAfee's accused products in the FAC referencing all specific product names. D.I. 14 at ¶ 21 ("The Accused products of McAfee include all versions of the McAfee Safe Family product (including the Safe Family app), as well as all versions of the Total Protection or McAfee Antivirus products that include the Safe Family product or similar functionality"). D.I. 14 at ¶ 21, *see, also* D.I. 14 at ¶¶ 22-28 (describing operation of identified Accused Products giving rise to infringement claim and charting to asserted claim).

The FAC provides a very detailed description of the design and operation of the accused products which culminates in a claim chart specifically tying factual allegations made to the claim limitations that each satisfies. D.I. 14 at ¶ 22-29. The factual allegations of the FAC showing infringement by McAfee include at least the following:

> 1.  McAfee's accused products comprise a system of hardware (McAfee servers) and software (McAfee server software and the Safe Family app) implementable on computing devices to accommodate management of certain features and functionality of computing devices. D.I. 14 at ¶ 22.
>
> 2.  The Accused Products effect policy-based control over these devices via, among other things, executing local agent software (the McAfee Safe Family app) on the device in connection with execution of McAfee server software. Execution of local agent software effects control of the device via regular and/or scheduled sending of feature use requests to the McAfee servers for policy application. The Accused Products either permit requested usage or block it in accordance with the decision received from a McAfee network server making policy decisions. D.I. 14 at ¶ 23.

6

3. For each managed device, local agent software of the Accused Products is enabled on the device in the form the McAfee Safe Family app. Execution of the local agent software causes the managed device to generate or direct requests for uses of the device for comparison to applicable usage policies, or derivatives thereof, in connection with applying and enforcing master policies defining permissible uses of the managed device. D.I. 14 at ¶ 26.

Kajeet's allegations are based on McAfee's product literature describing its infringing products, including user guides and "how to" articles published on McAfee's website. The FAC includes express allegations of McAfee's use of the system described in claim 1 and the method of claim 27 by 1) quality testing of the accused products, and 2) demonstrations of operation of the accused products.[1] *Id*. These allegations, which must be taken as true, are surely sufficient to put McAfee on notice of Kajeet's claims and the bases therefore.

In its Motion, McAfee argues that Kajeet did not allege that the accused products meet all of the limitations of the asserted claims. D.I. 18, at 12. These statements ignore the clear language in paragraphs 28 and 29, *see*, e.g., D.I. 14 at ¶ 28, which states: "Based on the description of the structure and operation of the Accused Products of McAfee presented above, each meets each and every limitation of claim 1…". McAfee's arguments are inconsistent with case law in this District, however, as they improperly seek to attack the "viability" of Kajeet's allegations rather than the "plausibility" thereof. *LoganTree LP*, 2019 U.S. Dist. LEXIS 159730 at *9. Further, they would impose a higher requirement for specificity of underlying factual allegations than is required under the relevant case law for direct infringement. *Groove Digital*, 2019 U.S. Dist. LEXIS 13563, at *9 ("To satisfy the pleading standard in a patent case, '[s]pecific facts are not necessary.'") (citations omitted).

---

[1] The Federal Circuit has long held that testing is a use of an invention which can give rise to liability for direct infringement under 35 U.S.C. § 271(a). *Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1367 (Fed. Cir. 2001).

More specifically, McAfee contends that the FAC "lacks any explanation of how usage of any Accused Product causes a request to communicate with a remote computing device to be sent to a server or a decision in real-time allowing or denying request to be received." D.I. 18 at 12. This statement is inconsistent with the actual language of the asserted claims. It is also improperly ignores the factual description of the products in paragraphs 22-27 and the charts in paragraphs 22-28 and 29 of the FAC. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (complaint must be considered in its entirety).

As described above, paragraphs 22-29 allege that the accused products comprise servers and local agent software which are implemented to control computing devices, which may be tablets, smartphones, etc. D.I. 14 at ¶¶ 22-23. Various functionality of these types of devices are known to include the ability to communicate with other devices over a communication network. Kajeet described the functionality of different types of computing devices in paragraphs 17 and 18 of the FAC. Kajeet further alleges that local agent software (i.e., the SafeFamily app) effects control of the device via regular and/or scheduled sending of feature use requests to the McAfee servers for policy application. D.I. 14 at ¶ 23. The FAC further alleges that the local agent software does so by "caus[ing] the managed device to generate or direct requests for uses of the device for comparison to applicable usage policies". D.I. 14 at ¶ 26. These allegations are further supported by the mapping of the claim elements to the operation of the accused products in the claim charts in paragraphs 28 and 29. These allegations of the FAC clearly and completely refute McAfee's contention that the FAC is devoid of allegations addressed to the sending of a request to a server and receiving a decision in real-time that is based on a policy stored at the server.

McAfee's contention that the FAC contains no allegations pertaining to how the policy decisions are enforced on a computing device without storing the policy on the computing device

8

is also incorrect. As noted above, the accused products are alleged to comprise local agent software that generates and directs requests to the McAfee servers. D.I. 14 at ¶ 23-24. These requests are applied to master policies set and stored at the McAfee servers, upon which all real-time usage decisions are ultimately made. D.I. 14 at ¶ 24. This is the only manner of setting and storing of policies by an administrator accommodated by the accused products as policies are not configurable by an administrator on the managed devices, themselves. D.I. 14 at ¶ 24. Decisions based on these policies are communicated to the managed device and enforced via "selectively permitting or blocking access to device features." D.I. 14 at ¶ 25. These allegations are also supported by the claim chart in paragraphs 28 and 29. Again, these allegations of the FAC clearly and completely refute McAfee's contention of insufficiency of the allegations made therein to put McAfee on notice of Kajeet's claims.

McAfee's final direct infringement sufficiency challenge baldly asserts that the allegations of the FAC are "too conclusory." D.I. 18 at 14. McAfee cites to a nearly ten-year-old District Court holding which has been cited in only three subsequent decisions as standing for the premise that allegations as to "'how and why' [a Defendant infringes] is necessary to state a claim for direct infringement." D.I. 18 at 14 (referring to string citation for *Via Vadis, LLC v. Skype, Inc.*, No. 11-507, 2012 WL 261367, at *2 (D. Del. Jan. 27, 2012)). However, that is not the standard expressly provided by the Supreme Court in *Iqbal/Twombly*, which instead requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Kajeet has done so in its FAC by including the several allegations relating to the components and operation of McAfee's accused products, as described above, and by providing weblinks to "how to" articles describing how the accused products operate in an infringing manner and which are consistent with Kajeet's allegations.

9

Taking these allegations as true, Kajeet has satisfied its burden to plausibly state a claim for relief for direct infringement of claims 1 and 27 of the '559 Patent by McAfee through its use of the accused products in the manner described in the FAC.

**B.  Kajeet Sufficiently Pled Indirect Infringement**

McAfee's first argument for requesting a dismissal of Kajeet's indirect infringement claims is that it did not adequately plead direct infringement claims against McAfee. While direct infringement must be sufficiently pled in order for indirect infringement to be properly pled, Kajeet has set forth above the reasons why its direct infringement allegations are more than sufficient.

McAfee's remaining arguments focus on whether Kajeet's statements that McAfee had knowledge of the '559 patent as of the filing of the FAC are sufficient to meet the knowledge requirement. It is important to note that McAfee did not argue that Kajeet's indirect infringement allegations were in any other way deficient or that they did not sufficiently address the other requirements for indirect infringement. Instead, McAfee's argument focuses only on the knowledge element.

In its Original Complaint, Kajeet alleged that McAfee had knowledge of the patents and infringement allegations "since at least the filing of the complaint." Courts in this District have held this language to be sufficient to plead a claim for indirect infringement. *Collabo Innovations, Inc. v. OmniVision Techs., Inc.*, 2017 U.S. Dist. LEXIS 10199, at *22-24 (recognizing an earlier split of authority in this District but concluding that pleading knowledge as of the filing of the complaint is sufficient). And in the present case, Kajeet filed an FAC after the Original Complaint, such that McAfee had knowledge of the indirect infringement allegations well before the operative pleading (the FAC).

Other courts in this District have distinguished between pre-suit knowledge and post-suit

knowledge for purposes of alleging indirect infringement and have likewise held that alleging knowledge of the infringement allegations "as of the filing date of the complaint" is sufficient to satisfy the knowledge requirement for a post-suit indirect infringement claim. *See e.g. IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 U.S. Dist. LEXIS 12195, at *12-13 (D. Del. Jan. 25, 2019); *Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F.Supp.3d 435, 441 (D. Del. Nov. 5, 2014); *Intellectual Ventures I LLC, et al. v. Ricoh Co., Ltd., et al.*, 67 F. Supp. 3d 656, 662 (D. Del. Sept. 12, 2014). Plaintiff's allegations of indirect infringement comply with this standard.

A Court in this District addressed this issue squarely in the recent *Groove Digital* (D. Del. January 29, 2019) opinion. In that case, the Court held that "[p]laintiff's filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability." 2019 U.S. Dist. LEXIS 13563 at *10-11. Other courts in this District have also taken this position. *See e.g. NexStep, Inc. v. Comcast Cable Communications, LLC,* 19-1031-RGA-SRF, 2019 US Dist. LEXIS 189713 at *9-10 (D. Del. Oct. 31, 2019).

The position taken in the multitude of cases in this District concerning post-suit knowledge stems from earlier decisions by Chief Judge Stark and Judge Robinson in cases like *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565-6 & n.11 (D. Del. Apr. 4, 2012) and *Apeldyn v. Sony Corp.,* 852 F.Supp.2d 568, 573 & n.8 (D. Del. Apr. 4, 2012). These cases, similarly involved the filing of an amended complaint as is the case here. Judge Robinson explained the practicality of extending this holding in *Walker Digital* even to the filing of an original complaint:

> Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy, the court finds that the better reasoning is to allow a complaint that satisfies Rule 8 to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff.

852 F. Supp. 2d 559, 566, n. 11. Here, Defendant has, in fact, had knowledge of the patent from

the time of the filing of the Original Complaint as realleged in the FAC.

In one of the cases from this District to which McAfee cites regarding post-suit indirect infringement claims, only the original complaint had been filed – not an amended complaint as is the case here. *Dynamic Data Techs., LLC v. Brightcove Inc.,* 2020 U.S. Dist. LEXIS 127734 at *7 (D. Del. July 21, 2020). Kajeet cites to a single case from this District which, against the weight of the other cases in this District, held that knowledge as of the original complaint was not sufficient for pleading indirect infringement in an amended complaint. *Zapfraud, Inc. v. Barracuda Networks, Inc.* 2021 U.S. Dist. LEXIS 55658 at *8 (D. Del. July 21, 2021). However, based on the case law cited above, that lone case is at odds with the majority view in this District. Finally, the other cases McAfee cites regarding post-suit indirect infringement claims and allegations in amended complaints are from courts in other districts. (D.I. 18 at 16-17). Kajeet respectfully requests that the Court follow the case law in this District and deny McAfee's Motion with respect to indirect infringement.

### C. Kajeet Sufficiently Pled Willful Infringement

As with its argument regarding indirect infringement, McAfee's sole reason for seeking dismissal of Kajeet's willfulness claim is its contention that it lacked the requisite knowledge of the '559 patent prior to the filing of the Original Complaint. However, just as knowledge of the patent as of the filing of the FAC supports a claim for indirect infringement, so too is it sufficient to sustain a claim for willful infringement.

In fact, several courts, including some judges of this Court, have held that even alleging knowledge of the infringement allegations as of the filing of the original complaint is sufficient to sustain post-suit willful infringement claims. *See, e.g., Zimmer Surgical, Inc. v. Stryker Corp.*, 2017 U.S. Dist. LEXIS 139274, at *5 (D. Del. Aug. 30, 2017); *DermaFocus LLC v. Ulthera, Inc.*,

201 F. Supp. 3d 465, 473 (D. Del. 2016). In *Zimmer*, the court recognized a split of authority on this issue not only across districts but within this District as well. Ultimately, the *Zimmer* court determined that pleading knowledge as of the filing of the complaint was sufficient. *Zimmer,* 2017 U.S. Dist. LEXIS 139274, at *4-5. Other district courts finding the same include: *Progme Corp. v. Comcast Cable Communs. LLC*, 2017 U.S. Dist. LEXIS 182484, at *34 (E.D. Pa. Nov. 3, 2017); *T-Rex Prop. AB v. Regal Entm't Grp.*, 2017 U.S. Dist. LEXIS 156859, at *23-24 (E.D. Tex. Aug. 31, 2017).

Based on these cases, the willful infringement allegations in the Original Complaint are sufficient to satisfy pleading the knowledge requirement for post-suit willful infringement.

### D. Kajeet's Sufficiently Pled Compliance with 35 U.S.C. § 287 (a)

Finally, McAfee seeks dismissal of Kajeet's claim for past damages contending that it did not plead compliance with the notice provisions of § 287(a), referred to as the marking statute. Even if the marking statute is applicable here, Kajeet sufficiently pled compliance in both its Original Complaint and the FAC, and is entitled to past damages on that basis. D.I. 1, at ¶ 31; D.I. 14, at ¶ 34.

McAfee relies on the *Express Mobile* case to support its position. That case requires only that the plaintiff actually plead compliance with the statute. *Express Mobile, Inc. v. DreamHost LLC*, 2019 U.S. Dist. LEXIS 101468 at *4-5 (D. Del. June 8, 2019). It does not require any particular level of additional specificity. There, the plaintiff's complaint was silent as to the marking statute, making no attempt to plead compliance. *Id.* The court's holding was based on the fact that there simply was no affirmative statement regarding compliance.

Here, Kajeet sufficiently pled compliance with the marking statute in its Original Complaint filed on January 4, 2021. (See D.I. 1, at ¶ 31, stating "Kajeet has complied with 35.

13

U.S.C. § with respect to the '559 patent"). This statement, which must be taken as true, is enough to satisfy the standard set out in the *Express Mobile* case. In its FAC, Kajeet included this same statement and cited to additional facts to explain how it, in fact, has complied. Kajeet states that it virtually marks its products via its website. D.I. 14, at ¶ 31. Kajeet even includes a URL link to its website showing how it lists the relevant patent numbers. *Id.* McAfee complains that Kajeet does not specify any further how it is products are virtually marked. Kajeet stated clearly that it has complied with § 287 and provided factual support for this assertion. Nothing more is required at the pleading stage.

### E. Dismissal With Prejudice is Not Warranted

McAfee has no basis to seek a dismissal with prejudice. Kajeet amended its Original Complaint as a matter of right in accordance with Rule 15 of the Federal Rules. Kajeet included the same level of additional detail about its infringement allegations in the FAC in this case as it did in the Gryphon case. Gryphon did not even challenge the sufficiency of the amended complaint in that matter. McAfee cites to no cases or authority to support its position. Accordingly, to the extent that the Court decides to grant the Motion, it should grant leave for Kajeet to file a further amended complaint to address any deficiencies the Court believes exist.

## VI. CONCLUSION

For the reasons set forth above, McAfee's Motion should be denied in its entirety.

| | |
|---|---|
| Dated: May 10, 2021 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Jonathan T. Suder<br>Michael T. Cooke<br>Corby R. Vowell<br>Richard A. Wojcio<br>FRIEDMAN, SUDER & COOKE<br>604 East 4th Street, Suite 200<br>Fort Worth, TX 76102<br>817-334-0400<br>Fax: 817-334-0401<br>jts@fsclaw.com<br>mtc@fsclaw.com<br>vowell@fsclaw.com<br>wojcio@fsclaw.com | /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 777-0300<br>Facsimile: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys For Plaintiff Kajeet, Inc.* |