# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAJEET, INC., <br><br>  Plaintiff, <br><br> v. <br><br> MCAFEE CORP., <br><br>  Defendant. | C.A. No. 21-cv-00005-MN <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT MCAFEE CORP.'S REPLY BRIEF IN SUPPORT OF
### MOTION TO DISMISS PLAINTIFF KAJEET, INC.'S FIRST AMENDED COMPLAINT

Susan E. Morrison (#4690)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Tel: (302) 652-5070
morrison@fr.com

Aamir Kazi
Christopher O. Green
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA  30309
Tel: 404-724-2811
kazi@fr.com
cgreen@fr.com

***Attorneys for Defendant, McAfee Corp.***

Dated:  May, 17 2021

**TABLE OF CONTENTS**

I. Argument ............................................................................................................1

    A. Kajeet Failed to Plead Facts Sufficient to Support Its Direct Infringement Allegations ...............................................................................1

        1. Kajeet Does Not Point to Any Allegation of "Real-Time" Decisions................................................................................1

        2. Kajeet Fails to Allege Facts Showing the Policies Are Not Stored or Accessed Locally .....................................................2

    B. Kajeet Failed to Plead Facts Sufficient to Support Its Indirect Infringement Allegations ...............................................................................6

    C. Kajeet Failed to Plead Facts Sufficient to Support Its Pre-Suit Willful Infringement Allegations.................................................................8

    D. Kajeet Failed to Plead Facts Sufficient to Support Its Past Damages Allegations  ...............................................................................9

II. Conclusion ........................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                               **Page(s)**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)..................................................................................................9

*Antonious v. Spaulding & Evenflo Companies, Inc.*,
   275 F.3d 1066 (Fed. Cir. 2002)..............................................................................................4

*Boston Scientific Corp. v. Nevro Corp.*,
   415 F. Supp. 3d 482 (D. Del. 2019)................................................................................3, 6, 7

*Collabo Innovations, Inc. v. OmniVision Techs., Inc.*,
   No. 16-197-SLR-SRF, 2017 WL 374484 (D. Del. Jan. 25, 2017) .........................................7

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
   No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) ............................................8

*Express Mobile, Inc., v. DreamHost LLC*,
   No. 1:18-cv-01173-RGA, 2019 WL 2514418 (D. Del. Jun. 18, 2019) .................................9

*LoganTree LP v. Omron HealthCare, Inc.*,
   No. 18-1617 (MN), 2019 WL 4538730 (D. Del. Sept. 19, 2019)......................................4, 5

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
   No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ..................................3, 6

*SIPCO, LLC v. Streetline, Inc.*,
   230 F. Supp. 3d 351 (D. Del. 2017).......................................................................................3

*SuperInterconnect Techs. LLC v. HP Inc.*,
   No. 19-0169-CFC, 2019 WL 6895877 (D. Del. Dec. 18, 2019) ...........................................4

*Uniloc 2017 LLC v. ZenPayRoll, Inc.*,
   No. 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020)................................5, 6

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
   No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ...................................8

I.   ARGUMENT

   A.   **Kajeet Failed to Plead Facts Sufficient to Support Its Direct Infringement Allegations**

McAfee moved to dismiss Kajeet's original Complaint because it failed to adequately plead infringement on at least two specific claim limitations:  (i) sending to a server a "request to communicate with a remote computing device" and receiving a "*real-time*" decision from the server granting or denying the request; and (ii) granting or denying the request based on a policy that is "stored at the server" and not the local device.  (D.I. 10 at 11.)  Rather than address McAfee's motion, Kajeet filed an Amended Complaint that includes a claim chart, but otherwise is similar to the original Complaint.  (D.I. 14 ¶¶ 28-29.)  McAfee moved to dismiss the Amended Complaint, because the new claim chart is generic and not specific to McAfee and still fails to set forth a plausible infringement theory.  (*See, e.g.,* D.I. 18 at 1.)

Kajeet's Opposition does little to address McAfee's position.  It does not dispute that the claim chart is little more than a copy of the chart in the unaffiliated Mosyle amended complaint. And even if all of the facts recited in Kajeet's claim chart are true, Kajeet's Opposition does nothing to explain why those facts support any theory of infringement for either limitation.

   1.   **Kajeet Does Not Point to Any Allegation of "Real-Time" Decisions**

Rather than identifying any allegation that the accused product communicates with a server in "real time," Kajeet criticizes McAfee's characterization of the claim language.  There is no dispute, however, that the claim requires the accused product to communicate decision making with a remote server in "real-time":

> send to a server a request to communicate with a remote computing device over the communication network;
>
> ***receive in real-time*** from the server a response indicative of a decision granting or denying the request . . .

D.I. 14 ¶ 28 (citing '559 Pat., claim 1) (emphasis added); *id* ¶ 29 (similar).

1

Kajeet's Amended Complaint is silent on this limitation.  Kajeet's Opposition refers back to the allegations in paragraphs 22-29 of the Amended Complaint.  But those allegations do not include a theory as to why the McAfee accused product receives communications from the server *in real-time*.  The claim chart only alleges that "the Accused Products provide instructions to the computing device to either permit a requested use or block it, based upon application of applicable policies for that device that are stored at a McAfee server" and that "[t]hese policies are configured by a parent, or other administrator, using a 'parent device' accessing McAfee's server(s) to set and store policies." (*Id.*)  Thus, Kajeet at most alleges that McAfee's product communicates with McAfee's server to enable or block certain operations.  But even assuming that is true, there is no factual allegation that those communications are in "real-time."

> 2. **Kajeet Fails to Allege Facts Showing the Policies Are Not Stored or Accessed Locally**

Kajeet's approach to the limitation requiring that policies are not accessed (or stored) on the local device is similarly lacking facts.  D.I. 14 ¶ 28 (citing '559 Pat., claim 1); *id.* ¶ 29 (claim 27).  Kajeet tries to clarify in its Opposition: it is alleging that "local agent software effects control of the device via regular and/or scheduled sending of feature use requests to the McAfee servers for policy application." (D.I. 21 at 6.)  Thus, as best as can be understood, Kajeet is alleging that the accused product is a type of "local agent software" which relies on the McAfee servers for policy decision-making.  However, both claims require more.  Claim 1 requires that specific communications are "enabled or disabled *without accessing the one or more policies by the computing device*." D.I. 14 ¶ 28 (citing '559 Pat., claim 1) (emphasis added).  Claim 27 similarly requires that communications are "enabled or disabled *without storing the policy on the computing device*." *Id.* ¶ 29 (citing '559 Pat., claim 27) (emphasis added).

Thus, even assuming Kajeet's allegations as clarified in its Opposition are contained in

the Amended Complaint and that they are true, those allegations are still insufficient to plead infringement.  It is not enough to show that McAfee's accused product relies on McAfee servers for policy decision-making; Kajeet needed to allege facts showing that McAfee's products do not access (or store) any policies on the local device.  Kajeet did not.  The conclusory statements in Kajeet's claim charts are insufficient to meet the *Iqbal/Twombly* pleading standard.  *See, e.g.*, *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (dismissing direct infringement allegations because the complaint "does little more than parrot back the language of [the asserted] claim elements and then states that the accused product is comprised of such elements").

      Thus, while it is true that Kajeet has filled in the boxes next to each limitation in its claim chart with factual allegations, those allegations, even if true, simply fail to show that each limitation of claims 1 and  27 would be present in a McAfee product.  Absent such allegations, Kajeet's claim chart amounts to little more than a conclusory allegation of infringement, augmented by irrelevant factual allegations that do not back up that assertion.  *Boston Scientific Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (explaining "[t]o provide notice, a plaintiff must generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the alleging infringing product to the claim elements" (emphasis in original)); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (dismissing direct infringement claims where plaintiff alleged "here are ten patents we own," "you sell some products, which we have identified," and "the sales of your products infringe our patents").  This is particularly true in cases like this one involving complex software products, since without a detailed mapping of claim limitations to specific infringing features, the complaint fails to provide fair notice of the basis of Kajeet's

3

infringement allegations. *See SuperInterconnect Techs. LLC v. HP Inc.*, No. 19-0169-CFC, 2019 WL 6895877, at *2, n.3 (D. Del. Dec. 18, 2019) (noting that where "the technology is far from simple" conclusory allegations fail to "provide fair notice of [the] infringement claims").

Kajeet's response that its amended complaint is "based on McAfee's product literature describing its infringing products" misses the mark. (D.I. 21 at 7.) Reliance on public information about McAfee's product does not justify Kajeet's failure to allege facts that would establish infringement. Even when lacking conclusive evidence of infringement, a party filing a patent infringement complaint must nonetheless have a good faith belief "based on some actual evidence uncovered during the prefiling investigation, that each claim limitation reads on the accused device either literally or under the doctrine of equivalents." *Antonious v. Spaulding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002) . The fact that Kajeet has failed to identify such evidence in its amended complaint suggests that its attorneys either failed to do a pre-suit investigation or, upon doing so, failed to conclude that specific features corresponding to claims 1 and 27 were likely present in the McAfee product. In either event, Kajeet's inability to articulate a coherent infringement theory in its amended complaint renders Kajeet's infringement allegation implausible.

Kajeet also seeks support from this Court's decision in *LoganTree LP v. Omron HealthCare, Inc.*, No. 18-1617 (MN), 2019 WL 4538730 (D. Del. Sept. 19, 2019), which denied a motion to dismiss after reviewing an infringement claim chart attached to the complaint. However, the facts here are readily distinguishable from those in *LoganTree*. The plaintiff in *LoganTree* submitted a 21-page infringement chart mapping each claim limitation to factual allegations regarding the accused products. *LoganTree LP v. Omron HealthCare, Inc.*, No. 18-1617 (MN), D.I. 1-3 (D. Del. Oct. 18, 2018). Plaintiff's factual allegations were supported by (i)

documents from defendant's website describing how the accused products work, (ii) third-party websites and videos describing how the accused products work, and (iii) FCC teardowns identifying specific components accused of infringement. *Id.* Plaintiff in that case also sufficiently summarized its infringement allegations in the body of the complaint to place defendant on notice regarding the specific functionality accused of infringement for each limitation of the asserted claims. *Id.* at D.I. 1 (D. Del. Oct. 18, 2018). This Court found direct infringement was adequately pled because "LoganTree explains how the Accused Products allegedly infringe claims 1 and 13 by describing how the Accused Products meet . . . each and every claim limitation of those claims." *LoganTree*, 2019 WL 4538730 at *3.

Unlike in *LoganTree,* the only purported descriptions of how McAfee's accused products work are the high-level and generic descriptions in paragraphs 20–29 of Kajeet's amended complaint. (D.I. 14 at ¶¶ 20–29.) And the only attempt to map these descriptions to the '559 patent are in the similarly high-level mappings in paragraphs 28–29's claim chart. (*Id.*) Kajeet does not even dispute that the claim chart is substantively identical to the chart in its amended complaint against another defendant, Mosyle, that offers a different product. (D.I. 18 at 7.) Unlike in *LoganTree*, Kajeet's claim chart (and related product descriptions) only contain the weblink to McAfee's support page and service page. (*Id.* at ¶ 29.) Moreover, as noted above, Kajeet's claim chart fails to even allege even unsupported facts that would show infringement. In short, Kajeet's amended complaint does not put McAfee on notice regarding the specific aspects or functionality of the accused products that supposedly infringe and should be dismissed on that basis. *See Uniloc 2017 LLC v. ZenPayRoll, Inc.*, No. 19-1075-CFC-SRF, 2020 WL 4260616, at *2 (D. Del. July 23, 2020) ("[T]o survive a 12(b)(6) motion, a complaint alleging

direct infringement must contain facts plausibly indicating that a defendant's accused product practices *each limitation* of the asserted patent[.]").

Finally, Kajeet asserts that the allegations in the amended complaint are not "too vague" to state a claim for direct infringement. (D.I. 21 at 6.) Kajeet argues that it is not necessary to allege the "how and why" of infringement to survive a motion to dismiss and criticizes one of the many cases McAfee cites on this issue as being nearly ten years old. (*Id.* at 9.) Yet, as discussed above, courts have routinely (and recently) held that plaintiffs cannot allege infringement by simply "parrot[ing] back the claim language" and "mak[ing] no attempt to connect specific components of the accused systems to elements of the asserted claims." *North Star*, 2017 WL 5501489, at *2; *Boston Scientific*, 415 F. Supp. 3d at 490. Kajeet's failure to do more here is fatal to its direct infringement claim.

### B. Kajeet Failed to Plead Facts Sufficient to Support Its Indirect Infringement Allegations

As discussed above, Kajeet does not adequately plead direct infringement. This is an independent basis for dismissing the indirect infringement claims in the amended complaint.

Kajeet's pre-suit and post-suit indirect infringement claims should also be dismissed because the amended complaint does not plead sufficient knowledge of the '559 patent. With respect to pre-suit indirect infringement, Kajeet has never alleged in any of its complaints that McAfee had knowledge of the '559 patent before this suit was filed. As Kajeet's brief admits, the original complaint alleges knowledge of the "patents and infringement allegations 'since at least the filing of the complaint.'" (D.I. 21 at 10.) The amended complaint then relies on the original complaint to establish knowledge, which Kajeet asserts is "well before the operative pleading (the FAC)." (*Id.*) The dismissal of Kajeet's pre-suit indirect infringement claims should therefore be a non-issue, and it is unclear from the briefing whether Kajeet opposes the

6

motion to dismiss on this narrow ground. (*Id.*) Kajeet cites no authority suggesting that a claim of pre-suit indirect infringement can survive a motion to dismiss without any allegation of pre-suit knowledge. (*Id.*) Instead, the case Kajeet cites in this portion of its brief, *Collabo Innovations, Inc. v. OmniVision Techs., Inc.*, No. 16-197-SLR-SRF, 2017 WL 374484 (D. Del. Jan. 25, 2017), relates to a claim for post-suit indirect infringement (not pre-suit indirect infringement).

With respect to post-suit indirect infringement, Kajeet correctly points out that there is a split of authority within this District and around the country regarding the pleading standard. (D.I. 21 at 10–11.) The issue is whether an earlier filed complaint can serve as the basis for a defendant's knowledge of an asserted patent for post-suit indirect infringement.[1] As detailed in McAfee's opening brief, this Court should follow the line of cases holding that the filing of an original complaint, without more, cannot establish knowledge for post-suit indirect infringement. (D.I. 17 at 17–18 (collecting cases)). In arguing for the opposite result, Kajeet does not address the policy concerns raised in McAfee's brief. (*Id.* at 18; D.I. 21 at 12.) For example, Kajeet does not address how a contrary holding would incentivize plaintiffs to file a complaint and then to immediately file an amended complaint alleging post-suit indirect infringement based on knowledge of an asserted patent created by filing the original complaint. Such a result would eviscerate the knowledge requirement for indirect infringement. Rather, Kajeet simply cites to one case and states that "based on the case law cited above, that lone case it at odds with the majority view in this District" without explaining why. (*Id.*)

---

[1] A related issue, addressed in McAfee's motion to dismiss the original complaint, is whether the complaint itself can satisfy the knowledge requirement for indirect infringement. (D.I. 18 at 16-17).

7

Kajeet criticizes McAfee's reliance on *Dynamic Data Techs., LLC v. Brightcove Inc.*, No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020). As Kajeet notes, in that case, only an original complaint had been filed—not an amended complaint. *Id.* However, the specific portion of *Dynamic Data* that McAfeee relies on discusses exactly the scenario at issue here—that is, what would happen if an amended complaint was filed that cites back to the original complaint to establish knowledge. Citing to another case, in *Dynamic Data* Judge Connolly explained that "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringmenet." *Id.*

Judge Connolly recently elaborated on this position in *Zapfraud, Inc. v. Barracuda Networks, Inc.*, No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021). In that case, plaintiff had filed an original complaint, a first amended complaint, and then a second amended complaint. *Id.* at *1. Defendant moved to dismiss the indirect infringement claims in the second amended complaint, which relied entirely on the original complaint to establish knowledge of the asserted patent. *Id.* at *2. In rejecting the Magistrate Judge's Report and Recommendation, Judge Connolly explained that "in the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint ***or a prior version of the complaint*** filed in the same lawsuit." *Id.* at *4. This Court should take the same approach here by dismissing Kajeet's indirect infringement claims.

### C. Kajeet Failed to Plead Facts Sufficient to Support Its Pre-Suit Willful Infringement Allegations

Kajeet's pre-suit willful infringement claim should be dismissed for the same reason as Kajeet's pre-suit indirect infringement claims—because Kajeet does not and has never alleged

that McAfee had pre-suit knowledge of the '559 patent. The cases Kajeet cites in its opposition relate to a separate issue, which is whether the filing of the original complaint is sufficient to sustain a ***post-suit*** willful infringement claim. (D.I. 21 at 12–13.) McAfee, however, did not move on post-suit willful infringement issue with respect to the amended complaint. (D.I. 18 at 18–19.) As it appears to be undisputed that the amended complaint alleges that McAfee learned of the '559 patent when this lawsuit was filed, and not any earlier, Kajeet's pre-suit willful infringement claim should be dismissed.

>     D.   **Kajeet Failed to Plead Facts Sufficient to Support Its Past Damages Allegations**

Kajeet's past damages claim should be dismissed because the amended complaint does not sufficiently plead compliance with the marking statute. In opposition, Kajeet (i) questions if the marking statute is applicable; and (ii) argues that it complied with the marking statute because the original and amended complaints state that "Kajeet has complied with 35 U.S.C § [287(a).]" (D.I. 21 at 13–14.)

Kajeet's position that it is not required to plead compliance with the marking statute is unpersuasive. Asserted claim 1 is an apparatus claim. Thus, the marking statute applies. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993).

Kajeet additionally argues that the amended complaint sufficiently pleads compliance with the marking statute. Here, Kajeet argues that *Express Mobile, Inc., v. DreamHost LLC*, No. 1:18-cv-01173-RGA, 2019 WL 2514418, at *2 (D. Del. Jun. 18, 2019), does not require pleading compliance with the marking statute with "any particular level of additional specificity." (D.I. 21 at 13.) Kajeet is mistaken. Under the *Iqbal / Twombly* pleading standard, the amended complaint is insufficient because, accepting as true its only factual allegations regarding compliance with the marking statute, it is not plausible that Kajeet has complied. That is because

Kajeet has failed to allege any facts suggesting that licensed or otherwise covered products actually include the URL to the relevant webpage, which is an essential requirement to satisfy the virtual marking requirement. 35 U.S.C. § 287 (requiring for virtual marking "fixing thereon the word 'patent' or the abbreviation 'pat.' together with the address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patent article with the number of the patent"). Simply listing patents on your website, without marking the corresponding products themselves in some way, is insufficient as a matter of law under the marking statute. Since Kajeet would certainly be aware if its licensed products were being marked, its failure to allege such marking renders implausible its claim to have complied with the marking statute. As such, Kajeet's pre-suit damages claim should be dismissed.

## II.     CONCLUSION

For the foregoing reasons, McAfee respectfully requests that the Court dismiss Kajeet's direct, indirect, and willful infringement claims, as well as its claim for past damages, with prejudice.

Dated:  May 17, 2021                        FISH & RICHARDSON P.C.


                                            By: */s/ Susan E. Morrison*
                                                Susan E. Morrison (#4690)
                                                FISH & RICHARDSON P.C.
                                                222 Delaware Avenue, 17th Floor
                                                Wilmington, DE  19899
                                                Tel: (302) 652-5070
                                                morrison@fr.com

                                                Aamir Kazi
                                                Christopher O. Green
                                                FISH & RICHARDSON P.C.
                                                1180 Peachtree Street NW, 21st Floor
                                                Atlanta, GA 30309
                                                Tel: (617) 542-5070
                                                kazi@fr.com
                                                cgreen@fr.com


                                            **Attorneys for Defendant, McAfee Corp.**

11