IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAJEET, INC. | § | |
| | § | |
| Plaintiff, | § | C.A. 21-cv-5-MN |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| MCAFEE CORP. | § | |
| | § | |
| Defendant. | § | |

**<u>DECLARATION OF CORBY R. VOWELL IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S RULE 11 MOTION FOR SANCTIONS</u>**

I, Corby R. Vowell, do declare as follows:

1.      I am an attorney at Friedman, Suder & Cooke, and counsel to Plaintiff Kajeet, Inc. ("Kajeet"). I am duly licensed to practice law in the State of Texas. I have personal knowledge of the facts stated in this declaration and would testify truthfully to them if called upon to do so.

2.      Kajeet and its counsel performed a thorough investigation of McAfee's products in the months prior to filing the current litigation. Based on this investigation, Kajeet and its counsel concluded that a number of McAfee products infringe the asserted claims of the '559 Patent. The investigation included reviewing the '559 patent and its file history. Because Kajeet has litigated the asserted claims in prior cases, it and its counsel are familiar with the not only the patent, but also the meaning of the asserted claims. Kajeet and its counsel have applied these meanings consistently in its investigation of McAfee products.

3.      Plaintiff and its counsel reviewed publicly available information related to several McAfee products, including the SafeFamily product and others that include the same parental control features. The information reviewed included publicly available user guides and product specifications as well as videos authored by McAfee and others. Kajeet and its counsel compared the information related to the McAfee products with several claims of the '559 patent, including 1

and 27, and determined that each product infringed. Kajeet and its counsel prepared claim charts with cites to the publicly available information demonstrating how each of the products infringes the asserted claims.

4.      McAfee has produced almost no technical documents in this case related to the accused products. Based on the Scheduling Order entered by the Court, McAfee was required to produce its core technical documents on May 25, 2021. D.I. 22, at p. 4. On that date, McAfee produced a total of 22 pages of technical documents. On July 7, 2021, I wrote to McAfee's counsel to request that it produce all relevant core technical documents. Attached as Exhibit A is a true and correct copy of the letter to Aamir Kazi. On July 9, 2021, Mr. Kazi responded in a letter by stating that McAfee would not produce any additional technical documents in its possession (including the specific types of documents identified in my letter) and that by making its source code available, it has satisfied its obligations. Attached as Exhibit B is a true and correct copy of the letter I received from Mr. Kazi.

5.      On July 27, 2021, Kajeet served requests for production and interrogatories on McAfee requesting documents and information related to the design, structure, and operation of the accused products in addition to sales information. McAfee served its responses to the requests for production and interrogatories on August 26, 2021. Attached hereto as Exhibit C is a true and correct copy of Defendant McAfee Corp.'s Objections and Responses to Plaintiff Kajeet Inc.'s First Set of Interrogatories (Nos. 1-8). McAfee did not produce any documents in response to the requests for production. See Exhibit D, which is a true and correct copy of an email I sent to counsel for McAfee on August 27, 2021.  After an inquiry to McAfee's counsel about its discovery responses, the parties held a meet and confer to discuss on August 31, 2021. McAfee's counsel made it clear that it would not be produce any documents in the next couple of weeks and instead

would wait until approximately 4-6 weeks later to provide the bulk of its documents including the technical information that is highly relevant to this Motion.

6. Counsel for Kajeet, Richard Wojcio, Jr., and Kajeet's expert, Chetan Sharma, reviewed source code provided by McAfee related to the accused products on August 25 and 26, 2021. Kajeet's expert identified several modules of the source code that were relevant to the issues raised in McAfee's Motion. On August 27, 2021, Mr. Wojcio sent an email to McAfee's counsel requesting that these modules of the source code be produced within four (4) business days in accordance with the Protective Order. See D.I. 28, at p. 10. Attached as Exhibit E is a true and correct copy of the email sent by Mr. Wojcio. On August 31, 2021, Mr. Kazi responded and stated that it would not be producing the requested portions of the source code because he deemed them to be excessive. Attached as Exhibit F is a true and correct copy of Mr. Kazi's email. McAfee has since agreed to produce only a portion of the requested source code (amounting to only about $1/12^{th}$ of the amount requested) despite having failed to raise any objection with the Court within ten days of receiving Kajeet's request provided by the Protective Order.

7. In the interrogatories served by Kajeet, Interrogatory No. 1 requested that McAfee provide the factual basis for any reasons that it believes it does not infringe the asserted claims. McAfee responded to this interrogatory, in part under Rule 33(d), by referencing the entirety of the source code it made available to Kajeet. See Exhibit C, at p. 8. On August 26, 2021, I sent an email to Mr. Kazi requesting a meet and confer regarding the deficiencies in McAfee's discovery responses and document production. Attached as Exhibit G is a true and correct copy of my email to Mr. Kazi. In that email and the subsequent meet and confer on August 31, 2021, I requested that McAfee supplement its response to Interrogatory No. 1 to identify the portions of its source code that it believes were responsive and which it believed supports its position. Mr. Kazi stated that

McAfee would not supplement the interrogatory or identify any specific portions of the source relevant to its interrogatory response. See Exhibit H, which is a true and correct copy of an email I sent to Mr. Kazi following the meet and confer on September 1, 2021.

8.     Attached hereto as Exhibit I is a true and correct screen capture of the homepage for the Safe Family product on McAfee's website, accessible at URL: https://family.mcafee.com/.

9.     Attached hereto as Exhibit J is a true and correct copy of a McAfee Knowledge Center article for the Safe Family product entitled, "How to add devices to McAfee Safe Family," accessible              at              URL:              https://service.mcafee.com/?locale=en-US&articleId=TS102344&fromSearch=true&page=shell&shell=article-view.

10.     Attached hereto as Exhibit K is a true and correct screen capture image from the Google Play store webpage for the McAfee Safe Family application, accessible at URL: https://play.google.com/store/apps/details?id=com.mcafee.security.safefamily&hl=en_US&gl=US.

11.     Attached hereto as Exhibit L is a true and correct screen capture image from the Google Play store webpage for the McAfee Safe Family application with the Permissions required for     use     of     the     application     expanded,     accessible     at     URL: https://play.google.com/store/apps/details?id=com.mcafee.security.safefamily&hl=en_US&gl=US.

12.     Attached hereto as Exhibit M is a true and correct copy of a PCMag website article reviewing the Safe Family product, accessible at URL: https://www.pcmag.com/reviews/mcafee-safe-family.

13.     Attached hereto as Exhibit N is a true and correct copy of a Parental Control Now website article reviewing the Safe Family product, accessible at URL: https://parentalcontrolnow.org/parental-control-software-reviews/mcafee-safe-family/.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed September 7, 2021 in Fort Worth, Texas.

<u>/s/ Corby R. Vowell</u>