# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAJEET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MCAFEE CORP.,<br><br>Defendant. | C.A. No. 21-cv-5-MN<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MCAFEE CORP.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF KAJEET, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-8)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, McAfee Corp. ("McAfee") hereby provides these responses to Kajeet, Inc.'s ("Kajeet") First Set of Interrogatories (Nos. 1-8).

**RESERVATION OF RIGHTS**

McAfee's responses are based solely on information currently available to McAfee based upon a reasonable investigation. McAfee's investigation and discovery are ongoing. Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), McAfee reserves all rights to supplement, revise and/or amend these responses should additional information become available through the discovery process or other means. McAfee further reserves the right to produce or use any information or documents discovered after service of these responses in support of or in opposition to any motion, in depositions, or in hearings. Nothing in these responses shall be deemed an admission by McAfee regarding the existence of any information, the relevance or admissibility of any information, for any purpose, or the truth or accuracy of any statement of characterization contained in any of Kajeet's Interrogatories. In responding to Kajeet's Interrogatories, McAfee does not waive any objection on the grounds of privilege, competency,

1

relevance, materiality, authenticity, or admissibility of the information contained in these responses.

## GENERAL OBJECTIONS

McAfee makes the following General Objections, whether or not separately set forth in each response to each Instruction, Definition, and/or Interrogatory:

1.      McAfee objects to the Definitions, Instructions, and Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine immunity, joint defense privilege, common interest privilege, and any other applicable privilege, immunity, or exemption from discovery as outlined in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, and applicable law. For the sake of clarity, McAfee hereby asserts such privileges and/or exemptions. Specifically, and without limiting the foregoing, information transmitted or exchanged by or between McAfee and its counsel, or writings prepared and maintained internally by McAfee's counsel that have not been disclosed to third parties, are not included in these responses. Inadvertent disclosure of any privileged or protected information or documents in responses to these Interrogatories shall not be deemed a waiver of the applicable privilege or protection, or of any other basis for objecting to discovery, or of McAfee's right to object to the use, and see the return, of any such inadvertently disclosed information.

2.      McAfee objects to the Definitions, Instructions, and Interrogatories to the extent that they are not within the scope of permissive discovery under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, the orders of the Court, and stipulations between the parties.  For example, McAfee objects to the Interrogatories to the extent that they seek identification of "all" information or documents that refer or relate to a particular subject on the grounds of over breadth, undue burden, and expense.

McAfee is making a reasonable search for information relevant to the issues, including documents of the types that are the subject of the Interrogatory. If any non-privileged, relevant documents, and/or things are discovered in the course of any further or continuing searches, they will be identified and/or produced in accordance with Rule 26(e)(1)(A).

3. McAfee objects to the Definitions, Instructions, and Interrogatories to the extent that they seek disclosure of information or documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or are in any other way inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, the orders of the Court, and stipulations between the parties. McAfee will respond to the Interrogatories only to the extent required by such rules, orders, and stipulations.

4. McAfee objects to the Definitions, Instructions and Interrogatories to the extent that they seek identification of documents or information not within McAfee's possession, custody, or control.

5. McAfee objects to the Definitions, Instructions, and Interrogatories to the extent they seek to impose an obligation on McAfee to disclose information that is publicly available and/or more easily obtained by Kajeet through other means, or that is more appropriately obtained through sources other than interrogatories, on the grounds that such discovery is overly broad and unduly burdensome. McAfee further objects to the Interrogatories to the extent that they seek information or documents that are already known to or in the possession of Kajeet.

6. McAfee objects to the Definitions, Instructions, and Interrogatories to the extent that they call for documents or things regarding lay opinion, expert opinion, legal conclusions, or other non-factual information.

7. McAfee objects to the Definitions, Instructions, and Interrogatories to the extent they prematurely call for analysis, testimony, opinions, and documents in support of McAfee's contentions at this stage of the litigation. McAfee's investigations are ongoing, and McAfee will disclose its contentions in accordance with the schedule in this matter.

8. McAfee objects to the Definitions, Instructions, and Interrogatories to the extent they seek confidential or proprietary information pertaining to McAfee's business, trade secrets and/or economic relationships, or confidential information which would impinge on the constitutionally protected right to privacy of individuals. McAfee will only produce such material subject to the terms of the Protective Order in this litigation.

9. McAfee objects to the Definitions, Instructions, and Interrogatories to the extent that they seek to impose an obligation to identify or search for documents or information at any location other than that at which they would be expected to be stored in the ordinary course of business.

10. McAfee objects to the Definitions, Instructions, and Interrogatories to the extent that they are not limited by a reasonable time period. McAfee will limit its responses to six years prior to the filing of the Complaint or the date of issuance of the applicable patent(s), whichever is later.

11. McAfee objects to the Interrogatories to the extent that they include multiple discrete subparts as inherently ambiguous and confusing. Each discrete subpart shall be counted as a separate Interrogatory for purposes of calculating the limits on Interrogatories.

12. McAfee objects to the definition of "Defendant," "You," "Your," and "Yours" as overly broad and to the extent that they include persons or entities that are separate and distinct from McAfee Corp.  McAfee also objects to the definition of "Defendant," "You," "Your," and

"Yours" to extent they include "all . . . agents, representatives, predecessors, successors, trustees, administrators, officers, directors, agents, employees, servants, subsidiaries, affiliates, divisions, lawyers, accountants or any other related organizations or individuals."  In view of these objections, for the purpose of responding to these Interrogatories, McAfee interprets "Defendant," "You," "Your," and "Yours" to be limited to McAfee Corp.  Notwithstanding the foregoing, and even though McAfee Corp. does not make, use or sell the Safe Family product (as McAfee has informed Kajeet on multiple occasions), McAfee will make a good faith effort to collect and produce information in response to these Interrogatories.  McAfee's production of any information in response to these Interrogatories is not a concession that McAfee is the correctly named entity and is not a waiver of any rights or defenses available to McAfee.

13.   McAfee objects to the definition of "Accused Products" to the extent it includes products that do not have the particular features accused of patent infringement in Kajeet's Amended Complaint and infringement contentions.  McAfee will interpret "Accused Product" to refer to Safe Family or any product that has the same functionality as Safe Family.

14.   McAfee objects to the definition of "Accused Features" to the extent it includes any features that are not charted with specificity in Plaintiff's infringement contentions.

15.   McAfee objects to the definition of "relate to," "related to," and "relating to" as vague and ambiguous, and as inherently subjective. McAfee further objects to these definitions and instructions as overly broad and unduly burdensome. McAfee will respond in accordance with its obligations under the applicable rules governing this Litigation.

16.   McAfee objects to the definition of "document(s)" as overly broad, unduly burdensome, vague, ambiguous, unclear, and seeking information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery

of admissible evidence, particularly with respect to the inclusion of documents that are not within McAfee's possession, custody, or control, or require information protected by the attorney client privilege, work product doctrine, or other applicable protection. McAfee will respond in accordance with its obligations under the applicable rules governing this Litigation.

17. McAfee objects to the definition of "Communication" as overly broad, unduly burdensome, vague, ambiguous, unclear, and seeking information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to the inclusion of documents that are not within McAfee's possession, custody, or control, or require information protected by the attorney client privilege, work product doctrine, or other applicable protection or to the extent it includes inaccessible communications. McAfee will respond in accordance with its obligations under the applicable rules governing this Litigation.

18. McAfee objects to the definition of "Prior Art" to the extent it calls for a legal conclusion. McAfee will interpret "Prior Art" consistently with the requirements set forth in Title 35 of the United States Code.

19. McAfee objects to the definition of "Related Patents" as overly broad, unduly burdensome and seeking information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence. McAfee will respond in accordance with its obligations under the applicable rules governing this Litigation.

20. Unless otherwise stated, individuals identified herein or in documents produced in response to these Interrogatories may only be contacted via McAfee's outside litigation counsel, Fish & Richardson P.C.

## SPECIFIC OBJECTIONS AND RESPONSES

McAfee incorporates by reference the general objections set forth above into each of its responses, whether or not repeated therein, as well as any specific stated objections. McAfee may repeat a general objection for emphasis or for some other reason, but the failure to repeat any general objection does not waive any general objection to the Interrogatories. McAfee does not waive its right to amend its objections.

**INTERROGATORY NO. 1:**

To the extent you contend the Accused Products do not infringe the Asserted Claims, explain in detail (with precision and specificity) all factual and legal bases for such contention. Your answer should specifically identify each limitation of each Asserted Claim as applied to each Accused Product which you assert is not met or infringed, either literally or by equivalents, including an explanation of why such element or limitation should not be considered an equivalent of the corresponding element or limitation of that Asserted Claim.

**RESPONSE TO INTERROGATORY NO. 1:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. McAfee objects to the phrase "Accused Products" to the extent it includes products other than Safe Family; McAfee will interpret this Interrogatory to refer to Safe Family. ==McAfee objects to this Interrogatory as premature under the Court's Scheduling Order. For example, claim construction has not yet occurred.== McAfee further objects to this Interrogatory because Kajeet has not provided adequate infringement contentions.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows:

7

Safe Family does not satisfy the claims of U.S. Pat. No. 8,667,559.  As a representative example, claim 1 includes the following limitations, which Safe Family does not satisfy:

> send to a server a request to communicate with a remote computing device over the communication network;
>
> receive in real-time from the server a response indicative of a decision granting or denying the request, the decision being based on one or more policies that are stored at the server and based at least in part on input from an administrator; and
>
> enforce the response by enabling the requested communication with the remote computing device over the communication network when the decision grants the request and by disabling the requested communication when the response denies the request, the requested communication being enabled or disabled without accessing the one or more policies by the computing device.

'559 Pat. at cl. 1.

Safe Family is fundamentally different because it relies on policies stored locally, and does not rely policies stored remotely.  *See, e.g., id.* ("enforce the response by enabling the requested communication with the remote computing device over the communication network when the decision grants the request and by disabling the requested communication when the response denies the request, the requested communication being enabled or disabled without accessing the one or more policies by the computing device.").  Therefore it also does not receive real-time responses from a remote server as the claim requires.  *Id.* ("receive in real-time from the server a response indicative of a decision granting or denying the request, the decision being based on one or more policies that are stored at the server and based at least in part on input from an administrator").

Further details regarding the foregoing positions can be found in the following documents:

- McAfee's source code, which is available for inspection

8

- Opening Brief in Support of Motion for Sanctions, Kajeet v. McAfee, Civil Action No. 1:21-cv-00005 (D. Del. Aug. 23, 2021) (ECF No. 34).

**INTERROGATORY NO. 2:**

If You contend that any of the Asserted Claims is invalid, unenforceable or void for any reason, set forth in detail Your contentions and the factual basis for such contentions for each claim You contend is invalid, unenforceable or void. If such contentions are based on prior art, identify of all such prior art that You contend affects the validity or enforceability of such claim and provide an element-by-element explanation of the relationship between the applicable claim and each piece of prior art that forms the basis of Your contentions.

**RESPONSE TO INTERROGATORY NO. 2:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. McAfee objects to this Interrogatory as premature under the Court's Scheduling Order. For example, the Court sets a separate deadline for invalidity contentions. And claim construction has not yet occurred.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows: McAfee incorporates by reference its invalidity contentions, which are forthcoming according to the Court's scheduling order.

**INTERROGATORY NO. 3:**

Explain in detail (with precision and specificity) of the total internal and external cost attributable to developing, testing, and releasing the Accused Products and Accused Features.

**RESPONSE TO INTERROGATORY NO. 3:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. McAfee objects to the phrase "Accused Products" to the extent it includes products other than Safe Family; McAfee will interpret this Interrogatory to refer to Safe Family.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows: McAfee has incurred and/or continues to incur costs (for example, server costs for the development and maintenance of Safe Family). To the extent McAfee can identify specific costs attributable to the development, testing, or release of Safe Family, McAfee will supplement its response to this interrogatory.

**INTERROGATORY NO. 4:**

State on what date and under what circumstances (with specificity and precision) You first became aware of the existence of the Asserted Patent(s), Kajeet's claims for patent infringement as laid out in the Complaint in this lawsuit, the applications issuing as the Asserted Patent(s), or any technology belonging to Kajeet related to the Accused Features, and fully describe what actions were taken by You upon obtaining such knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. McAfee objects to the phrase "any technology belonging to Kajeet related to the Accused Features" as vague and ambiguous. At least for that reason, McAfee objects to this

interrogatory as overly broad and unduly burdensome; McAfee will interpret this Interrogatory to seek McAfee's first awareness of the Asserted Patent.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows: McAfee had no knowledge of the Asserted Patent prior to Kajeet's filing of this lawsuit.

**INTERROGATORY NO. 5:**

Provide Your units sold, revenue, cost, and profits associated with Your sales of the Accused Products from 2014 through the present. Your answer should include the total subscriptions sold and the dollar amount of revenue attributable to the sales and/or use of the Accused Products on a quarterly and yearly basis, providing separately an explanation of sales and revenues received within the United States and outside the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. McAfee further objects to the phrase "Accused Products" to the extent it includes products other than Safe Family; McAfee will interpret this Interrogatory to refer to Safe Family. McAfee further objects to this Interrogatory to the extent it seeks sales outside of the United States.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows: McAfee incorporates by reference its July 1, 2021 Financial Disclosures.

**INTERROGATORY NO. 6:**

Provide Your internal projections of units sold, revenue, cost, and profits associated with Your anticipated sales of the Accused Products from 2014 through 2027. Your answer should include the total projected units sold and dollar amount of revenue attributable to the projected sales and/or use of the Accused Products on a quarterly and yearly basis, providing separately an explanation of projected sales and revenues within the United States and outside the United States, if applicable.

**RESPONSE TO INTERROGATORY NO. 6:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  McAfee further objects to the phrase "Accused Products" to the extent it includes products other than Safe Family; McAfee will interpret this Interrogatory to refer to Safe Family. McAfee further objects to this Interrogatory to the extent it seeks sales outside of the United States.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows:  To the extent McAfee can identify information responsive to this interrogatory, McAfee will supplement its response to this interrogatory.

**INTERROGATORY NO. 7:**

Explain in detail (with specificity and precision) any licenses to which You are a party, either as a licensor or licensee, related to the technology embodied within the Accused Products or Accused Features. Your answer should specifically identify the parties to each license, the technology being licensed, the consideration paid for the rights being obtained therein, and an explanation of the negotiations leading to the same.

12

**RESPONSE TO INTERROGATORY NO. 7:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. McAfee further objects to the phrase "Accused Products" to the extent it includes products other than Safe Family; McAfee will interpret this Interrogatory to refer to Safe Family. McAfee further objects to the phrase "license" to as vague, overly broad and unduly burdensome; McAfee will interpret "license" to refer to licenses for patent rights.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows: McAfee is not a party to any license that specifically references Safe Family and identifies patents.

**INTERROGATORY NO. 8:**

Identify all types of documents or documentation that You author, generate, or maintain relating to, concerning, or reflecting the architecture, implementation, operation, or functionality of the Accused Products or how they specifically implement the Accused Features.

**RESPONSE TO INTERROGATORY NO. 8:**

McAfee specifically incorporates its general objections as if fully set forth herein. McAfee further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. McAfee further objects to the phrase "Accused Products" to the extent it includes products other than Safe Family; McAfee will interpret this Interrogatory to refer to Safe Family.

Subject to and without waiving the foregoing specific and general objections, McAfee responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), McAfee identifies the

13

following documents that are responsive to this interrogatory: McAfee's source code, which continues to be available for inspection upon request in Atlanta, Georgia.

Dated: August 26, 2021 FISH & RICHARDSON P.C.

/s/ Aamir A. Kazi
Aamir A. Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
kazi@fr.com
Telephone: (404) 892-5005

Susan E. Morrison (#4690)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
morrison@fr.com

**ATTORNEYS FOR DEFENDANT
MCAFEE CORP.**