# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAJEET, INC., | |
| Plaintiff, | |
| v. | C.A. No. 21-cv-5-MN |
| MCAFEE CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

### DEFENDANT MCAFEE CORP.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RULE 11 SANCTIONS

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 2

II. ARGUMENT ....................................................................................................................... 2

    A.  The Court Should Disregard's Kajeet's *In Camera* Declarations ......................... 2

    B.  Kajeet Fails to Offer Any Reasonable Basis for Filing or Maintaining Suit .......... 3

        1. Kajeet's Claim Construction Argument Is Legally Irrelevant ......................... 4

        2. No Evidence Shows Any Activities From Which Infringement Could Reasonably Be Inferred ................................................................................. 4

        3. Kajeet's Unsupported Assumptions Are Not Enough ..................................... 5

    C.  Kajeet's Excuses are Without Merit ........................................................................ 6

        1. A Motion for Rule 11 Sanctions Cannot Be "Premature" .............................. 6

        2. No Relevant and Meaningful Discovery Disputes Exist ................................ 8

III. CONCLUSION .................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page(s)**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
    2017 WL 9833512 (D. Del. 2017) ......................................................................................2

*Kajeet, Inc. v. Qustodio, LLC*,
    No. SA CV18-01519 (C.D. Cal. Nov. 1, 2019) ...................................................................4

*View Eng'g. Inc. v. Robotic Vision Sys., Inc.*,
    208 F.3d 981 (Fed. Cir. 2000) ............................................................................................6

## **Other Authorities**

Rule 11 ..............................................................................................................................3, 6, 7, 9

Rule 33(d) ..........................................................................................................................................8

## I. INTRODUCTION

Kajeet's Opposition Brief fails to address the fundamental point of McAfee's Motion—Safe Family cannot and does not infringe Kajeet's patent because it does not, as expressly required by the asserted patent claims, rely on real-time decision making based on policy information stored on a remote server that is **not stored on or accessed by the local computing device**. Instead of offering evidence to address this fatal flaw, Kajeet opts for misstatements and misdirection, including: (1) supposition and improper requests for *in camera* review of documents; (2) irrelevant claim construction and technical analysis; and (3) factually erroneous characterizations of McAfee's Motion.

Thus, McAfee respectfully requests that the Court dismiss Kajeet's claims and grant McAfee's Motion for Sanctions.

## II. ARGUMENT

### A. The Court Should Disregard's Kajeet's *In Camera* Declarations

Kajeet submits two declarations for review *in camera*: an attorney declaration and one purported expert declaration. Neither should carry any weight. McAfee's Motion reveals Kajeet's lack of a factual basis for filing and maintaining this suit. If either declaration sets forth specific ***facts*** concerning the operation of McAfee's Safe Family product or identifies any ***evidence*** that Kajeet considered to support its theory, those facts and evidence are not shielded by any available privilege, and filing them *in camera* was improper. At the very least, the Court should not consider the declarations submitted *in camera* without allowing McAfee an opportunity to review and respond.[1] Indeed, Kajeet should have already disclosed a reasonable factual basis for its

---

[1] The *Acceleration Bay* opinion Kajeet cites merely describes a situation where a plaintiff offered to submit various materials including testing results and a "detailed pre-filing memorandum" for review *in camera*. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2017 WL 9833512, at *1-2

2

infringement theory in its Complaint and again in its infringement contentions, not to mention the three "safe harbor" weeks Kajeet had between McAfee's service and filing of its Motion.

### B. Kajeet Fails to Offer Any Reasonable Basis for Filing or Maintaining Suit

McAfee presented a factual demonstration that devices under control of the Safe Family application operate to permit or block user activity without looking to a remote server to make real-time enforcement decisions according to a policy stored only at the server. And McAfee did this in a straightforward, incontrovertible way—namely, by showing that a remote device does not require network connectivity to enforce policy decisions on the client device (*i.e.,* a child's device) but instead caches policy information locally at the client device. McAfee's demonstration is not simply attorney argument. It is the observed operation of the device, which Kajeet does not dispute and which Kajeet could have investigated and itself confirmed before filing suit.

If Safe Family's operation were demonstrably different, Kajeet would show evidence to prove that instead of merely labelling McAfee's arguments a "strawman." (Opp. Br. at 17.) The reason Kajeet presents no contradictory evidence is because none exists. Indeed, Kajeet does not dispute any aspect of McAfee's demonstration or the factual conclusions that McAfee draws from that demonstration (*i.e.,* that Safe Family caches (stores) and uses policy information locally). Kajeet instead raises a series of arguments that, even if credited, do not make a difference. Kajeet then asks the Court to make unsupported assumptions, which are contradictory to the evidence that McAfee presented, about how Safe Family operates.

---

(D. Del. 2017). The opinion contains no holding that precludes McAfee as the Rule 11 movant from having fair opportunity to respond to the factual contents of those submissions. Indeed, the facts necessarily concern the operation of McAfee's own product, and their disclosure cannot be "premature expert discovery."

### 1. Kajeet's Claim Construction Argument Is Legally Irrelevant

First, Kajeet points to an alleged claim construction dispute regarding "decision" and "policy." (Opp. Br. at 17.) But that alleged "dispute" is of no moment here, as the '559 patent has been construed to require that both storage of the usage policy and decisions enforcing it occur ***remotely***, not on the controlled device.[2] Kajeet cannot dispute that the *sine qua non* of the '559 patents claims are the requirements that a client device must communicate requests to a server in real-time and, as a result of the information received in that real-time communication, the server must allow or disable client requests, without the client device accessing the information at the server that was used to resolve the request. Thus, regardless of the difference between a "decision" and a "policy," as McAfee's demonstration shows, Safe Family locally stores the information it needs to allow or disable requests, and ***does not*** rely on real-time communication with a server.

### 2. No Evidence Shows Any Activities From Which Infringement Could Reasonably Be Inferred

Second, Kajeet refers to inconsequential marketing documents describing how Safe Family can be used by a "Dad" to monitor his two children's devices. (Opp. Br. at 11.) Kajeet says these documents "provide a reasonable basis for concluding that policies applied to manage the child device(s) are set and stored on McAfee's servers by an administrator, or parent." *Id.* If Kajeet's presumptions are correct, they would still be irrelevant because the claims do not concern how policies are set or whether they are stored on a server—but rather, the claims require that policies are ***not*** stored on or accessed by a client device for policy enforcement.

To that end, none of the documents Kajeet quotes in its opposition (Opp. Br. Exs. J, K, L and M) show that the client device communicates requests to a server in real-time, and that the

---

[2] *Kajeet, Inc. v. Qustodio, LLC*, No. SA CV18-01519 (C.D. Cal. Nov. 1, 2019) at 13 (attached as Exhibit A to McAfee's Motion).

client device does not locally store or access the policy information that was used to inform the request.  In fact, the documents Kajeet cites do not once use the word "server" as claimed—Kajeet simply injects that term, along with presumptive phrases such as "strongly indicative" (Opp. Br. at 13-14) where it deems expedient.  The one place the word "server" appears at all is in a note that a server may measure the amount of time a child's device is in use (Opp. Br. at 16, Ex. N), but this is likewise irrelevant, because the claims are not directed to "measuring" time at a server.  Rather the claims require storing a policy on a server that a remote device does not store and cannot access.  The only thing Kajeet has shown is the unremarkable circumstance that a parent's device (i.e., "Dad") can remotely communicate with a child's device to set policies governing usage that are maintained on the child's device.  This is in no way analogous to a remote server (versus local device) storing a policy that the child's device must consult for grant/deny decisions in real-time, as the claims expressly require.

### 3. Kajeet's Unsupported Assumptions Are Not Enough

Third, Kajeet speculates as to how Safe Family *could* operate (without citing any evidence supporting Kajeet's inference).  (Opp. Br. at 18.)  Indeed, Kajeet asks the court to assume that the product operates one way when connected to the network and another way when it is not connected to the network, but points to nothing suggesting that Safe Family has two such modes of operation.  To address this very issue, McAfee explained to Kajeet how it could use a network analyzer called WireShark to monitor communications between the server and a remote device and confirm that the operation of the Safe Family product does not meaningfully differ when it is connected to a network.  Despite its reference to using the WireShark utility, Kajeet does not show any test results from a network analyzer.

Unable to muster compelling evidence of its own, Kajeet endeavors to foist an artificial evidentiary burden on McAfee, alternatively asserting that McAfee fails to account for various

5

types of policies implemented in varying third-party "operating systems," and that devices running the Safe Family application are "intended" to be connected to a network for purposes of "location" and "activity" monitoring. (*Id*. at 18-19.) Kajeet is again easily proven wrong. McAfee's demonstration that policy enforcement on controlled devices remains in place regardless of whether network connectivity exists (which Kajeet does not dispute) applies equally to each and every mobile device operating system. That remote servers cannot control user devices with which they cannot communicate is a matter of common sense. If Kajeet had contrary evidence, it would have cited it, rather than attempting to improperly shift its burden of proof to McAfee. And, whether Safe Family can provide additional services such as "location tracking" if and when connected to a network is, yet again, irrelevant to determining whether Safe Family adheres to the express '559 claim requirements concerning remote servers storing usage policies and effecting policy decisions in real-time.

        **C.**     **Kajeet's Excuses are Without Merit**

Finally, knowing it has no reasonable basis for filing and maintaining suit, Kajeet tries to manufacture a series of excuses to lay blame on McAfee.

        **1.**     **A Motion for Rule 11 Sanctions Cannot Be "Premature"**

Rule 11, by definition, imposes an obligation on patent plaintiff to perform a pre-filing investigation. At a bare minimum, that pre-filing inquiry must compare the claims of each and every asserted patent to the accused device and conclude that there is a reasonable basis for an infringement finding of at least one claim of the asserted patent. *View Eng'g. Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). It is self-evident that violations of any rule imposing pre-filing obligations cannot be evaded on the grounds that enforcing those rules is "premature" after litigation commences. Kajeet notably cites no precedent for this proposition, and instead

directs the Court to McAfee's discovery responses, but Kajeet's premise is defeated both by the facts and its own lack of forthrightness.

Specifically, Kajeet asserts that because McAfee objected to an interrogatory seeking "all factual and legal bases" for any noninfringement position McAfee might raise in this suit, then McAfee cannot credibly complain that Kajeet failed to perform a viable Rule 11 analysis. Kajeet is demonstrably wrong on two counts. First, McAfee's "premature" objection is proper and necessary because McAfee cannot now know "all" rejoinders it must later proffer to Kajeet's infringement allegations at this early phase (e.g., before seeing Kajeet's *in camera* submission of "facts", or potential later positions on claim construction)—a circumstance with no bearing on application of Rule 11 to Kajeet's own, pre-filing analysis. Second, while Kajeet highlights McAfee's objection, it intentionally omits the substantive portion of McAfee's interrogatory response setting forth a clear basis for noninfringement consistent with the Rule 11 Motion:

> Safe Family is fundamentally different because it relies on policies stored locally, and does not rely policies stored remotely. See, e.g., id. ("enforce the response by enabling the requested communication with the remote computing device over the communication network when the decision grants the request and by disabling the requested communication when the response denies the request, the requested communication being enabled or disabled without accessing the one or more policies by the computing device."). Therefore it also does not receive real-time responses from a remote server as the claim requires. Id. ("receive in real-time from the server a response indicative of a decision granting or denying the request, the decision being based on one or more policies that are stored at the server and based at least in part on input from an administrator").

(Ex. E, McAfee Response to Kajeet Interrogatory No. 1.) Kajeet then rhetorically (and falsely) posits: "If McAfee cannot provide the basis for its non-infringement, then how is the Court expected to properly consider the issues raised in the Motion and dismiss it with prejudice?" (Opp. Br. at 6-7.) But McAfee has repeatedly articulated non-infringement positions, in response to discovery and correspondence as well as in its Motion. (Mot. at 10.) Kajeet's misdirection and selective quotation of a single discovery response does nothing to change that.

7

### 2.  No Relevant and Meaningful Discovery Disputes Exist

None of these alleged deficiencies could save Kajeet, but because Kajeet's opposition includes a series of misstatements, McAfee addresses them below for clarity.

- Kajeet states that McAfee has refused to produce any technical documents. (Opp. Br. at 2) ("McAfee produced only a few pages of technical documents as its purported 'core technical documents' and has refused to produce its other technical documents already requested by Kajeet until about 4-6 weeks from now."). However, McAfee months ago produced source code for the accused product under its core technical document production. (Ex. F, Jul. 2, 2021 Email from McAfee to Kajeet.) Kajeet waited nearly two months to review the code, and has never alleged that McAfee's production is deficient.

- Kajeet states that McAfee is unnecessarily delaying its document production. *Id.* In reality, Kajeet waited and just recently served its request for production, and McAfee committed to producing its documents "as soon as possible." (Ex. G, Sep. 3, 2021 Email from McAfee to Kajeet.)

- Kajeet states that McAfee has refused to provide source code cites to support its response to Kajeet's interrogatory seeking non-infringement positions. (Opp. Br. at 8) ("McAfee did not comply with Rule 33(d) and point to the specific portions or modules of the source code that were actually responsive to the interrogatory. . . Kajeet immediately requested that McAfee do so, and during a meet and confer on this issue, McAfee's counsel stated that it would not identify which portions of the source code were relevant."). However, McAfee's response was not limited to a 33(d) response but rather included a narrative explanation. (Ex. E, McAfee Response to Kajeet Interrogatory No. 1.) And contrary to Kajeet's assertion, McAfee indicated it would consider citing source code in its

interrogatory response so long as Kajeet provided source code in its infringement contentions—an invitation Kajeet has not accepted.  (Ex. G, Sep. 3, 2021 Email from McAfee to Kajeet.)

- Kajeet states that McAfee has failed to timely produce *printouts* of source code.  (D.I. 41 ¶ 6 ("McAfee has since agreed to produce only a portion of the requested source code (amounting to only about 1/12th of the amount requested) despite having failed to raise any objection with the Court within ten days of receiving Kajeet's request provided by the Protective Order.").)  However, McAfee's objection complied with the Court's Protective Order.  McAfee raised its objection within 4 business days of Kajeet's print request, had 10 additional business days to formally raise this issue with the Court, and has already arranged for a hearing with the Court.  Kajeet's counsel has since *agreed* that McAfee's objection was timely raised.  (Ex. H, Sep. 10, 2021 Email from Kajeet to McAfee.)

Regardless, Kajeet cannot escape Rule 11 by conjuring non-existent discovery disputes post-filing.  Kajeet had available all the information it needed to understand its accusations against Safe Family would be frivolous before filing suit, and was given still more proof months ago when McAfee made Safe Family source code available for inspection, as chronicled in the above-cited correspondence.

### III.   CONCLUSION

Kajeet's failure to comply with Rule 11's pre-filing investigation requirement, and ongoing prosecution of infringement claims that lack a colorable basis in law or fact, mandates an award of sanctions.  Accordingly, McAfee respectfully requests that the Court dismiss Kajeet's claims under the '559 patent with prejudice and award McAfee its costs and fees incurred in defending this suit.

Dated: September 14, 2021

By: */s/ Susan E. Morrison*
Susan E. Morrison (#4690)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Tel: (302) 652-5070
morrison@fr.com

Aamir Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tele: 404-724-2811
kazi@fr.com

**ATTORNEYS FOR DEFENDANT
MCAFEE CORP.**