


Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**Susan E. Morrison**
Principal
morrison@fr.com
302 778 8434 direct

October 4, 2021

**VIA ECF**
The Honorable Maryellen Noreika
US District Court, District of Delaware
J. Caleb Boggs Federal Bldg.
844 N. King Street Unit 19 Room 4324
Wilmington, DE 19801-3555

RE: *Kajeet, Inc. vs. McAfee Corp.*
U.S.D.C. District of Delaware, Case No. 21-cv-5-MN

Dear Judge Noreika:

McAfee respectfully seeks a protective order concerning Kajeet's request for printouts of entire directories of source code. To be clear, McAfee stands ready to provide Kajeet with printed versions of reasonable portions of source code, and already provided nearly 100 pages from various files at Kajeet's request. But indiscriminate printing of entire code directories—Kajeet seeks printouts of eleven directories in their entirety— is not what the parties agreed in the Protective Order or what this Court contemplates in its Default Standard for Access to Source Code. McAfee asked Kajeet to identify necessary sections of code for printing, but Kajeet has refused to negotiate. Because Kajeet's request presents a heightened risk to McAfee, McAfee is forced to seek relief from the Court.

Background
This is a patent case in which Kajeet alleges that the McAfee Safe Family product infringes Kajeet's patent. Like other software companies, McAfee's source code is among its most important assets. *Drone Techs., Inc. v. Parrot S.A.,* 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016) (source code is "often a company's most sensitive and most valuable property"). When negotiating the Protective Order here, McAfee took care to include a section on how to handle the production of source code and how to handle requests to print produced source code. *See* Dkt. No. 28 at 9.

McAfee made its source code available for inspection on July 2. Kajeet inspected that code on August 25 and 26 and afterwards requested that McAfee print fifteen individual files, plus eleven entire directories (with 70 files) of source code. (Ex. A, Aug. 27, 2021 Email fr. Wojcio (attaching exhibit identifying files and directories for printing).) Because McAfee considered Kajeet's print request excessive, McAfee promptly sought clarification from Kajeet and eventually requested a meet and confer to attempt to resolve the issue. (Ex. B, Sep. 1, 2021 Email fr. Kazi; Ex. C, Sep. 2, 2021 Email fr. Kazi.) Kajeet did not respond to McAfee's September 1 request for a meet and confer before McAfee's deadline (set forth in the Protective Order) to produce requested source code in printed form. Therefore McAfee provided in printed form the specific files Kajeet requested, but objected to the remainder of Kajeet's request. *Id.* On a subsequent meet and confer, McAfee asked Kajeet to provide further specificity regarding its print requests for entire directories of source code. Kajeet refused. (Ex. D, Sep. 8, 2021 Email fr. Kazi (3:04 PM); Ex. D Sep. 8, 2021 Email fr. Wojcio (5:15 PM)). Thus, McAfee respectfully requests the Court's intervention.






Argument

Kajeet's request to print entire directories is not permitted under the Protective Order for two separate reasons: (1) Kajeet's request is not reasonable and presents an increased risk of harm in the event of an unauthorized disclosure; and (2) even after McAfee raised its objection regarding Kajeet's print request, Kajeet refused to make any showing of good cause, as required.

The underlying objective behind a protective order is to protect against the risk of unauthorized disclosure. Source code in particular "requires additional protections to prevent improper disclosure because it is often a company's most sensitive and most valuable property." *Drone Techs., Inc. v. Parrot S.A.,* 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016). Courts around the country, including this one, enact procedures designed to ensure the confidentiality of source code. *See, e.g.,* DIST. OF DEL., Default Standard for Access to Source Code, available at https://www.ded.uscourts.gov/sites/ded/files/; N. D. OF CA., Patent L. R. 2-2 Interim Model Protective Order at 13–14, available at https://www.cand.uscourts.gov/wp-content/uploads/.

In this case, the parties agreed to a Protective Order that contains detailed provisions limiting the handling and use of source code. *See, e.g.,* Dkt. No. 28 ¶ 10. The provisions for printing source code required that any request be "reasonable" and that the receiving party (here, Kajeet) is required to make "a showing of good cause" to justify its requests:

> No more than reasonable number pages of the total Source Code Material for a particular product produced by a producing Party may be in printed form at any one time. No more than reasonable number pages of continuous Source Code Material will be printed without the authorization of the producing Party. The producing Party will not unreasonably deny requests for continuous or total provided the receiving Party makes a showing of good cause.

*Id.* Kajeet has failed to satisfy either provision.

First, Kajeet's request to print entire directories of source code is not "reasonable." Litigants typically satisfy printing provisions by requesting limited excerpts within a source code production reasonably necessary for litigating the case. *See Imageware Sys., Inc. v. Fulcrum Biometrics, LLC,* No. 13CV936-DMS(JMA), 2014 WL 12489939, at *1 (S.D. Cal. Nov. 26, 2014) (after defendant printed "specific line number chunks" of code requested by the plaintiff, rejecting request to print further blocks of code not so specifically identified) For example, it would be reasonable to identify for printing an excerpt of code that is found in a particular file (such as in *Imageware*). In some cases, it may be considered reasonable to print out the entire file. And indeed, Kajeet made some focused requests here (which McAfee printed). The request at issue, however, is that McAfee print the entirety of each source code file in eleven different directories.

Kajeet's request demonstrates its failure to properly inspect McAfee's source code and identify specific portions for printing. *Valencell, Inc. v. Apple, Inc.,* No. 5:16-CV-1-D, 2016 WL 7217635,






at *4 (E.D.N.C. Dec. 12, 2016) (in a protective order dispute, noting that it was not appropriate to use source code print out code in bulk to review in the first instance). With a more targeted request, the harm caused by unauthorized disclosure is reduced (e.g., it is more difficult to reverse engineer with limited excerpts of code). Here, however, someone who has access to entire directories of printed code could recreate larger modules of the Safe Family product—among other things, jeopardizing its efficacy for cyber threat defense. Notably, the Protective Order contemplates that what is considered reasonable in terms of "total" pages may be different than what is considered reasonable in terms of "continuous" pages. Dkt. No. 28 ¶ 10. The rationale for calling those two provisions out separately is exactly McAfee's concern: printing continuous pages in bulk presents a greater risk of harm that may result from unauthorized (even if inadvertent) disclosure.

Second, Kajeet refused to make a showing of good cause. Kajeet has refused to identify a single file or module in those directories with any level of specificity or provide any other explanation for why it needs these entire source code directories in printed form. (Ex. D, Sep. 8, 2021 Email fr. Wojcio.) To the extent that Kajeet is attempting to review entire directories of code in the first instance, that request is routinely rejected. *See Valencell*, 2016 WL 7217635. And even if that is not Kajeet's intent, there is no reason that Kajeet could not just review these files again in person—as it has already requested a second review of the code. *Imageware Sys.,* 2014 WL 12489939, at *1 (S.D. Cal. Nov. 26, 2014) ("While Mr. Jones states that he is not seeking the hard copies as a substitute for his initial electronic review, there is no indication that a second review of the source code, as suggested by Defendants, would not yield the information Mr. Jones requires—or at least allow him to further limit the scope of his request for print copies."); Ex. E, Sep. 28, 2021 Email fr. Kazi (confirming Kajeet's second review of code).

Kajeet's primary rebuttal point appears to be that McAfee is able to locate and identify the specific files that Kajeet is requesting, and thus, Kajeet's request is appropriate. But that is beside the point. McAfee objects to Kajeet's request because it is not narrowly tailored, reasonable, or supported by good cause, and printed production would result in unnecessary material risk to McAfee's cybersecurity operations.

* * *

In summary, McAfee is not withholding any discovery from Kajeet, which continues to have access to McAfee's source code production. Kajeet's request to print entire directories of source code, however, is not reasonable or supported by good cause. McAfee's motion should be granted.

Respectfully Submitted,

*/s/ Susan E. Morrison*
Susan E. Morrison

cc: All counsel of record (via ECF/Email)