

October 5, 2021

<u>Via E-Filing</u>
The Honorable Maryellen Noreika
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

   Re: *Kajeet, Inc. v. McAfee Corp.*, C.A. No. 21-cv-5-MN

Dear Judge Noreika:

  Pursuant to your Order Setting Teleconference, Kajeet provides this response to McAfee's letter brief (D.I. 50) requesting entry of a protective order relating to Kajeet's request for production of printouts of source code files.  In its letter, McAfee argues that Kajeet's requests are beyond what is contemplated by the Protective Order (D.I. 28) entered in this case because they request purportedly "indiscriminate printing of entire code directories" and posits that fulfilling Kajeet's requests "presents a heightened risk to McAfee."  For at least the reasons set forth herein, McAfee's request for protective order should be denied in its entirety and McAfee should be ordered to immediately comply with the terms of the Protective Order agreed to by the parties by producing all requested source code files.

<u>Background</u>
  Kajeet has alleged infringement of its '559 Patent by McAfee in connection with its making, using, and/or selling of McAfee's Safe Family products and services.  These products and services implement parental controls over a child device via application of policies that are set by parents and stored on McAfee's remote servers, as required by the asserted claims of the '559 Patent.

  The Court entered a joint Scheduling Order (D.I. 22).  Pursuant to that Order, Kajeet submitted its identification of accused products and asserted patents on June 1, 2021.  McAfee was then required to produce its Initial Disclosures along with core technical documents for the identified accused products by July 1, 2021.  The Protective Order defines the core technical documents as "non-publicly available operation manuals, product literature, schematics, and specifications." D.I. 22 at ¶7(b).  Rather than producing all of its core technical documents at that time, McAfee instead only produced 22 pages of technical documents. McAfee then elected to make the source code for the accused products available for inspection in lieu of producing the rest of its core technical documents and purportedly did so on July 2, 2021.  McAfee did so despite its Initial Disclosures excluding source code as a category of documents that it intended to rely on to support its claims or defenses, while including "Technical documents related to the accused products (located in McAfee's offices)."  Exh. A.

  Following McAfee's failure to timely disclose core technical documents for the accused products, Kajeet served its first set of discovery requests to McAfee on July 27, 2021, requesting the same.  McAfee served its objections and responses on August 26, 2021 but produced no

documents whatsoever.  Following a meet and confer on McAfee's continued failure to produce documents, McAfee belatedly produced additional core technical documents relating to the Safe Family product on September 20, 2021.  Not coincidentally, this production was made only after the briefing was complete on McAfee's pending Motion for Sanctions (D.I. 340 and after the entry of the Order Setting Teleconference (D.I. 43) on source code production.

Argument

It is clear from McAfee's continued failure to timely comply with its discovery obligations in this case that McAfee is purposefully seeking to deprive Kajeet of the documents and disclosures Kajeet is entitled to under the Federal Rules and the Orders entered in this case.  Kajeet has highlighted this improper conduct in its brief in opposition to McAfee's Motion for Sanctions.  And yet, McAfee continues to cause unnecessary delay and stymy discovery by now refusing to produce requested source code in hard copy.  McAfee does so even as it has actively sought to limit the evidence available to Kajeet showing operation of the Safe Family product to source code and a handful of documents.  Indeed, McAfee made its first meaningful document production in this case only after the Court was apprised of the present dispute, seemingly in an effort meant to improve its posture at the hearing.

McAfee's purported bases for refusing production of the source code files requested are unavailing.  First, McAfee highlights the sensitivity of source code, generally, and the need for its protection.  But this ignores that McAfee, itself, opted to make its source code available for inspection in lieu of producing core technical documents.  As such, McAfee's arguments relating to the sensitivity of its source code and the need to protect it from disclosure are disingenuous.  Nonetheless, McAfee goes on to cite to provisions within this District's and others' Default Standard for Access to Source Code as allegedly supporting their position.  These Default Standards are inapposite with respect to the present dispute, however, because the parties mutually opted to negotiate the terms and procedures for source code inspection and production in this case.  McAfee admits as much, noting that "[w]hen negotiating the Protective Order here, McAfee took care to include a section on how to handle the production of source code and how to handle requests to print produced source code."  D.I. 50 at 1 (citing D.I. 28 at 9).

The terms governing production of source code are set out in Paragraph 10 of the Protective Order.  They limit the production to "[n]o more than [a] reasonable number of pages *of the Total Source Code Material* for a particular product produced by a producing Party may be in printed form at any one time . . ."  D.I. 28 at ¶10 (emphasis added).  It further states that "[t]he producing Party will not unreasonably deny requests for continuous or total provided the receiving Party makes a showing of good cause."  Kajeet's requests satisfy both of these terms.

Kajeet requested production of 85 specific files within McAfee's source code which, as a whole, comprises several hundred files if not more than a thousand. Exh. B.  Kajeet's request was made via a printout identifying the requested files left with McAfee's counsel on August 26, 2021 at the conclusion of Kajeet's initial inspection of the source code performed by Kajeet's counsel and its technical expert.  No objection was made by McAfee to the manner in which the requested files were identified (i.e., by file name or by file path).  Kajeet followed up via email on August 27, 2021 and attached the same document identifying the requested files to that correspondence. Exh. B.

McAfee first objected to Kajeet's request on August 31, 2021 via email from its counsel, Aamir Kazi.  Exh. B.  In that email, Mr. Kazi indicated that he was able to find all requested files, meaning that they were identified with sufficient specificity despite the use of file paths in connection with request for all files within certain folders.  *Id.*  Kajeet responded to McAfee's objections that same day and expressly provided its good cause for its request, stating "Kajeet's requests are made at the direction of its technical expert who inspected the code at your offices last week. His identification of the requested modules as being of particular importance provides good cause for Kajeet's request."  *Id.*  Kajeet's counsel offered to meet and confer on the issue the following morning, which McAfee declined to do.

McAfee has since provided no meaningful basis for its refusal to provide hard copies of the requested source code.  Its contention that the request is unreasonably large fails to consider the amount requested relative to the total volume of source code produced.  Likewise, while McAfee objects to the production of an unreasonable number of continuous pages, no information is provided as to the number of continuous pages that have been requested or the total amount of source code available for inspection. McAfee also contends that production of all files within a specified folder somehow represents a continuous printout of all the code contained in the files in that folder.  This is incorrect.  While the pages printed for an individual file would constitute continuous pages, there is no basis to contend that pages across multiple files are continuous simply because they are contained in the same folder.

It is clear that McAfee seeks protection only to cause further undue delay in discovery in this case.  None of its purported bases for refusing production are supported by relevant facts regarding the actual scope of Kajeet's requests in light of the total source code available for inspection.  Its argument that a request for all files within an identified folder is *per se* unreasonable is factually and legally baseless.  Beyond that, it finds no support in the Protective Order entered in this case which was jointly submitted and agreed to by the parties.  At bottom, McAfee seeks to require Kajeet to rely almost solely on source code to prove its infringement case, yet still resists requests for printing a reasonable amount of that code. Kajeet respectfully requests that the Court not permit McAfee to continue with its tactics and instead require McAfee to provide hard copies of all the files Kajeet requested.

Respectfully Submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of record (via E-Filing)