IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAJEET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 21-5-MN |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MCAFEE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MCAFEE, CORP.'S ANSWER TO FIRST
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant McAfee, Corp. ("McAfee") by and through its undersigned counsel, submits its Answer to the First Amended Complaint for Patent Infringement (the "Amended Complaint") filed by Plaintiff Kajeet, Inc. ("Plaintiff" or "Kajeet"), and states as follows:

**THE PARTIES**

1. McAfee is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Amended Complaint, and therefore denies them.

2. McAfee admits that it is a corporation organized and existing under the laws of the State of Delaware. McAfee denies the remaining allegations of Paragraph 2 of the Amended Complaint.

**JURISDICTION AND VENUE**

3. McAfee admits that the Amended Complaint purports to be an action that arises under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*. McAfee does not contest, for purposes of this case only, that this Court has federal jurisdiction over the case.

4. McAfee admits that its products are available for purchase by entities and/or by individuals who reside within the District of Delaware. McAfee denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5. McAfee does not contest, for purposes of this case only, that venue is proper in the district. McAfee denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. McAfee denies the allegations set forth in Paragraph 6 of the Amended Complaint.

7. McAfee does not contest, for purposes of this case only, that personal jurisdiction exists and that venue is proper in this District.

## FACTUAL BACKGROUND

8. McAfee admits that, on its face, U.S. Patent No. 8,667,559 ("the '559 patent") lists Kajeet, Inc. as the assignee of the patent. McAfee is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Amended Complaint, and therefore denies them.

9. McAfee is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Amended Complaint, and therefore denies them.

10. McAfee is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Amended Complaint, and therefore denies them.

11. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate.

McAfee, therefore, denies the allegations contained in Paragraph 11 of the Amended Complaint on that basis.

12.     McAfee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint, and therefore denies them.

13.     To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 13 of the Amended Complaint on that basis.

14.     To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 14 of the Amended Complaint on that basis.

15.     To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 15 of the Amended Complaint on that basis.

16.     To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate.

McAfee, therefore, denies the allegations contained in Paragraph 16 of the Amended Complaint on that basis.

17. McAfee admits that the '559 patent appears to state the quoted excerpts in Paragraph 17 of the Amended Complaint. McAfee denies the remaining allegations set forth in Paragraph 17 of the Amended Complaint.

18. McAfee admits that a copy of an Office Action Response dated July 17, 2013, is attached as Exhibit B to the Amended Complaint. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 18 of the Amended Complaint on that basis.

19. McAfee denies the allegations set forth in Paragraph 19 of the Amended Complaint.

20. McAfee admits that one or more McAfee subsidiaries develops software-based solutions. McAfee denies the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21. McAfee admits that Kajeet alleges infringement against the Safe Family app. McAfee denies that Safe Families infringes, and denies the remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22. McAfee denies the allegations set forth in Paragraph 22 of the Amended Complaint.

23. McAfee denies the allegations set forth in Paragraph 23 of the Amended Complaint.

24. McAfee denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25. McAfee denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. McAfee denies the allegations set forth in Paragraph 26 of the Amended Complaint.

27. McAfee denies the allegations set forth in Paragraph 27 of the Amended Complaint.

28. McAfee denies the allegations set forth in Paragraph 28 of the Amended Complaint.

29. McAfee denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30. McAfee admits that it became aware of the '559 patent when the Original Complaint was served. McAfee denies any acts of infringement, and denies the remaining allegations set forth in Paragraph 30 of the Amended Complaint.

## COUNT I – PATENT INFRINGEMENT OF '559 PATENT

31. McAfee restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 30 above.

32. McAfee admits that, on its face, the '559 patent shows an issue date of March 4, 2014, and is entitled "Feature Management of a Communication Device." McAfee admits that Exhibit A is a copy of the '559 patent. McAfee denies the remaining allegations set forth in Paragraph 32 of the Amended Complaint.

33. McAfee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, and therefore denies them.

34. McAfee admits that the URL: http://www.kajeet.net/company/patents-and-licensing is entitled "Intellectual Property Rights and Patents; Licensing; Copyright Notices." McAfee is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the Amended Complaint, and therefore denies them.

35. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 35 of the Amended Complaint on that basis.

36. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 36 of the Amended Complaint on that basis.

37. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 37 of the Amended Complaint on that basis.

38. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate.

McAfee, therefore, denies the allegations contained in Paragraph 38 of the Amended Complaint on that basis.

39. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 39 of the Amended Complaint on that basis.

40. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 40 of the Amended Complaint on that basis.

41. To the extent that Kajeet purports to summarize, describe, or characterize the content of the '559 patent, McAfee states that those documents speak for themselves and that such summaries, descriptions, or characterizations are incomplete, and therefore inaccurate. McAfee, therefore, denies the allegations contained in Paragraph 41 of the Amended Complaint on that basis.

42. McAfee admits that it became aware of the '559 patent when the Original Complaint was served. McAfee denies any acts of infringement, and denies the remaining allegations set forth in Paragraph 42 of the Amended Complaint.

43. McAfee denies the allegations set forth in Paragraph 43 of the Amended Complaint.

44. McAfee denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45. McAfee denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46. To the extent the allegations in Paragraph 46 of the Amended Complaint state a legal conclusion, no response is required. To the extent a response is deemed to be required, McAfee denies that there is any merit to Kajeet's allegations of patent infringement.

47. McAfee denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. McAfee denies the allegations set forth in Paragraph 48 of the Amended Complaint.

## JURY DEMAND

49. To the extent the allegations in Paragraph 49 of the Amended Complaint state a legal conclusion, no response is required. To the extent a response is deemed to be required, McAfee denies that Kajeet is entitled to any relief from McAfee.

## PRAYER FOR RELIEF

McAfee denies that Kajeet is entitled to any of the legal or equitable relief requested in their Request for Relief, or to any legal or equitable relief whatsoever, against McAfee in this matter or as a result of the Amended Complaint. McAfee denies all the allegations set forth in subparagraphs A-G of Kajeet's Prayer for Relief.

## AFFIRMATIVE DEFENSES

McAfee incorporates by reference the forgoing paragraphs in their entirety and asserts the following affirmative defenses. By asserting these affirmative defenses, McAfee does not admit that it bears the burden of proof on any issue and does not accept any burden it would not

otherwise bear, regardless of how such defenses are denominated herein. McAfee reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States and/or at low or in equity that may not exist of in the future be available based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses. Pursuant to Federal Rule of Civil Procedure 8(c), McAfee, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

50. McAfee does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, willfully, or otherwise) any valid, enforceable claim of the '559 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

51. Plaintiff's claims are barred in whole or in part because each asserted claim of the Kajeet Asserted Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 256, and/or of any other applicable statutory provisions of Title 35 of the United States Code.

52. The claims of the '559 patent are invalid and void for failure to comply with the conditions of patentability specified in 35 U.S.C. §§ 100 *et seq*.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

53. Kajeet's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent application resulting in the '559 patent.

54. Kajeet is estopped from construing any valid claim of the Kajeet Asserted Patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by McAfee in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Kajeet Asserted Patents or any related patent, because of disclosure or language in the specifications of the Kajeet Asserted Patents, and/or because of limitations in the claims of the Kajeet Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

55. Kajeet's Amended Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

**(License)**

56. Kajeet's claims for infringement under the '559 patent are barred to the extent the allegedly unlawful activity was licensed or authorized by persons or entities with the right to license.

### SIXTH AFFIRMATIVE DEFENSE

**(Limitation on Damages)**

57. Kajeet's claim for damages for alleged infringement, if any, of the '559 patent is limited by 35 U.S.C. §§ 286 and/or 287.

### SEVENTH AFFIRMATIVE DEFENSE

**(Limitation on Costs)**

58. Kajeet barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Use/Manufacture By/For Government)

59. To the extent that any accused product, process, service or method has been used or manufactured by or for the United States Government, Kajeet's claims and demands for relief are barred by 28 U.S.C. § 1498.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff McAfee Corp. ("McAfee"), for its counterclaims against Plaintiff and Counterclaim-Defendant Kajeet, Inc. ("Kajeet"), states as follows:

## PARTIES

1. McAfee is incorporated under the laws of the State of Delaware with a place of business at 6220 America Center Drive, San Jose, CA 95002.

2. Kajeet has alleged in its Amended Complaint that it is a Delaware corporation with its principal place of business at 7901 Jones Branch Drive, Suite 350, McLean, Virginia 22102.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Kajeet. Kajeet is the named plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its Amended Complaint for Patent Infringement against McAfee.

4. Subject to McAfee's defenses and denials, McAfee alleges that this Court has subject matter jurisdiction over the subject matter of these Counterclaims, without limitation, pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

5. Venue in this District is appropriate over these Counterclaims because Kajeet has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these Counterclaims are asserted.

## FACTUAL BACKGROUND

6. In its Amended Complaint, Kajeet alleges that it is the owner of all the rights and title in U.S. Patent No. 8,667,559 ("the '559 patent").

7. The '559 patent identifies the alleged inventors as Matthew Donald Baker, Steven Ira Geller, Douglas Owen Kesser, Daniel John Neal, Carol Ann Politi, and Ben Julian Weintraub.

8. Kajeet alleges incorrectly that McAfee infringes the '559 patent.

9. The '559 patent is invalid and/or has not been and is not infringed by McAfee, directly or indirectly, either literally or under the doctrine of equivalents.

10. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '559 patent.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement)**

11. McAfee re-alleges and incorporates by reference the allegations set forth in Paragraphs 1–10 of these Counterclaims.

12. An actual case or controversy exists between McAfee and Kajeet as to whether the '559 patent is not infringed by McAfee. Absent a declaration of non-infringement, Kajeet will continue to wrongfully assert the '559 patent against McAfee, and, thereby, cause McAfee irreparable injury and damage.

13. McAfee seeks a judicial declaration that it does not infringe any valid claim of the '559 patent so as to ascertain its rights regarding the '559 patent.

14. McAfee has not and does not infringe, either directly or indirectly, by inducement or contributorily, willfully or otherwise, any valid and enforceable claim of the '559 patent, either literally or by the doctrine of equivalents.

15. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Kajeet filed its Amended Complaint with knowledge of the facts stated in this Counterclaim.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

16. McAfee re-alleges and incorporates by reference the allegations set forth in Paragraphs 1–15 of these Counterclaims.

17. An actual case or controversy exists between McAfee and Kajeet as to whether the '559 patent is invalid.

18. McAfee seeks a judicial declaration that the '559 patent is invalid so as to ascertain its rights regarding the '559 patent.

19. The '559 patent is invalid and void for failure to comply with the conditions of patentability specified in 35 U.S.C. §§ 100 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

20. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Kajeet filed its Amended Complaint with knowledge of the facts stated in this Counterclaim.

**RELIEF**

WHEREFORE, McAfee respectfully prays for judgment against Kajeet as follows:

a. Dismissing with prejudice all claims in Kajeet's Amended Complaint against McAfee and a complete denial of Kajeet's requests for damages, costs, attorney fees, injunction, and any other form of relief;

b. A permanent injunction restraining Kajeet and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with, from charging, suing or threatening, orally or in writing, that the Patents-in-Suit have been infringed by McAfee under any subjection of 35 U.S.C. §§ 271 or 281;

c. Declaring that McAfee has not infringed, contributed to the infringement of, or induced others to infringe, willfully, literally or under the doctrine of equivalents, any valid claim of the '559;

d. Declaring that all claims of the '559 are invalid and/or void;

e. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to McAfee its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f. Awarding to McAfee its costs and disbursements of this action; and

g. Awarding to McAfee such other and further relief as this Court may deem just and proper.

Dated:  October 29, 2021	FISH & RICHARDSON P.C.

By: */s/ Susan E. Morrison*
Susan E. Morrison (#4690)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Tel: (302) 652-5070
morrison@fr.com

Aamir Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA  30309
Tele: 404-724-2811
kazi@fr.com

**ATTORNEYS FOR DEFENDANT
MCAFEE CORP.**

15